STATE OF MISSOURI, TO USE OF THOMAS WALSH, Respondent, *v.* THOMAS J. DAILEY ET AL., Appellants.

November 4, 1879.

Where an administrator begins a proceeding under the Claim and Delivery Act for goods which he claims as belonging to his intestate, if the judgment is against him, it is not a judgment *de bonis propriis;* and if the administrator has taken the property claimed, and the defendant in replevin elects to take its value, and one of the sureties of plaintiff in the replevin suit is compelled to pay the judgment and obtains judgment against his principal on motion under the statute, the Circuit Court, on rendering this judgment, may order that it be paid by the administrator; and if the judgment is not paid, and the order not obeyed, an action will lie against the administrator and the sureties on his bond.

APPEAL from St. Louis Circuit Court.
*Affirmed.*

Cline, Jamison & Day, for appellants : The plaintiff has no right to claim indemnity of the administrator's sureties for the wrong complained of, unless they can show an interest in the estate. — *Holmes* v. *Cock*, 2 Barb. Ch. 426, 429 ; Brandt on Surety. 640, sect. 502 ; *Rowson* v. *Piper*, 34 Me. 98 ; Williams on Ex. 536, note *l*. And it must be a *vested*, not a contingent interest. — *Stevens* v. *Cole*, 7 Cush. 467. The surety is bound only for the faithful performance of the duties of an administration. — *Harker* v. *Irrick*, 10 N. J. Eq. 269 ; *Cunningham* v. *Sonza*, 1 Redf. 462. And only for the administration of such assets as the administrator had a right to receive. — *Fletcher* v. *Sanders*, 7 Dana, 345, 350 ; *Blair* v. *Insurance Co.*, 10 Mo. 559.

G. M. Stewart, for respondent : An administrator may bring an action of replevin. — *Walton* v. *McDonald*, 2 Mo. 48, 49 ; *Ranney* v. *Thomas*, 45 Mo. 112. And in the event of judgment against him, it must be *de bonis testatoris*. — *Wooldridge* v. *McDonald*, 15 Mo. 470 ; *The State to use* v. *Maulsby*, 53 Mo. 500 ; *Ross* v. *Allman*, 60 Mo. 269. And such a judgment could not be proved against the estate. — *Presbyterian Church* v. *McElhinney*, 61 Mo. 540 ; *Werneke* v. *Kenyon*, 66 Mo. 275. But would be a demand for which the administrator's sureties would be liable. — *Dix* v. *Morris*, 1 Mo. App. 93 ; *Dix* v. *Morris*, 66 Mo. 514. When a surety pays a debt of his principal, he becomes *ipso facto* entitled to all the benefits that the creditor may have been entitled to by virtue of collateral security. — *Allison* v. *Sutherton*, 50 Mo. 274. The order of the Circuit Court made upon the administrator to pay the plaintiff the amount he had paid to satisfy the judgment in the replevin case was imperative, and the disobedience of it a breach of the administration bond, and the sureties were concluded by this order. — *The State* v. *Holt*, 27 Mo. 340 ; *Taylor* v. *Hunt*, 34 Mo. 205 ; *The State* v. *Coste*, 36 Mo. 437 ; *Townsend* v. *Townsend*, 60 Mo. 246 ; *McCartney* v. *Garneau*, 4 Mo. App. 566.

BAKEWELL, J., delivered the opinion of the court.

The defendant Dailey, as administrator of Roddy, commenced an action under the statute for the possession of specific personal property which he claimed as belonging to the estate of his intestate. Plaintiff's relator was one of the sureties in the bond given by the administrator on instituting this action. The personal property claimed was delivered by the sheriff to Dailey, who received the same as administrator. Judgment was for defendant and against the sureties, in that action, for the value of the property and costs. The principal and co-surety of Walsh, the relator of plaintiff in the present action, being insolvent, Walsh, the relator of plaintiff, was compelled to satisfy the judgment. Under the statute (Wag. Stats. 1304, sect. 9), which provides that where judgment is given on any bond for the delivery of property, against the principal debtor and surety, if such surety shall pay the judgment he shall have judgment, on motion in the same court, against the principal debtor for the amount paid and ten per cent interest, Walsh obtained judgment in the Circuit Court against Dailey as administrator of Roddy, for the amount paid by him, as aforesaid, and interest; the Circuit Court at the same time ordering Dailey, as administrator, to. pay the sum to Walsh, plaintiff's relator. This action is upon the bond of Dailey as administrator, against him and his sureties, and alleges these facts, and that the relator of plaintiff has made demand of Dailey, which has been refused. The petition alleges, as breaches of the administrator's bond, that Dailey did not pay the value of the property to the defendant in the action for the personalty, in consequence of which default plaintiff's relator was compelled to pay the same ; and that Dailey did not pay to plaintiff's relator the judgment obtained against him by the relator in the Circuit Court, though ordered to do so, and though demand was duly made.

A demurrer to this petition was interposed by one of the

defendant's sureties on the administrator's bond, on the ground that the petition shows no cause of action against the sureties on the administrator's bond. The demurrer was overruled, and there was final judgment for plaintiff.

An administrator may bring an action for the possession of goods claimed by him as belonging to the estate of his intestate, and if judgment goes against him in the action, it goes against him as administrator only, and is not *de bonis propriis*. *Ranney* v. *Thomas*, 45 Mo. 112. This judgment, if he had done his duty, the administrator must have the means of satisfying out of the assets of the estate, because it is a judgment that he return property, or its value, which he has actually received as administrator, under a mistaken claim. The sureties on the bond of the administrator are responsible for all moneys and property that come into the hands of the administrator as such in virtue of his office. Thus, the sureties are liable for rents collected by an administrator, though as administrator he was not to collect rents, and for the proceeds of real estate sold by the executor under a power given in the will, though that power was unduly exercised. *Gamble* v. *Gibson*, 59 Mo. 585 ; *Dix* v. *Morris*, 66 Mo. 514. When judgment in the claim and delivery suit was given against the administrator, the defendant in that action might, if he had so chosen, have proceeded against the administrator and the sureties on his official bond. From the moment that the administrator received the personalty claimed by him in the statutory action, that personalty became the property of the estate. It was certainly not the property of the administrator ; and the defendant in the claim and delivery suit, by refusing to take it back, abandoned all claim to the specific personalty. All money or other goods which the administrator receives as administrator are the property of the estate, within the meaning of that language in the bond, irrespective of any question which may arise as to the manner in which they were acquired. The bond of the

administrator is that he "will faithfully administer the estate, account for, pay, and deliver all money and property of said estate, and perform all other things touching said administration required by law or the order or decree of any court having jurisdiction." Wag. Stats. 73, sect. 18. It is said that the judgment in the action claiming the property was a judicial determination that the goods delivered to the administrator by the sheriff were not the property of the estate. It settled that the administrator had no right to the possession of them at the time the claim was made; but whether the deceased owned them or not, or whether they properly came into the possession of the administrator as having belonged to the deceased or not, they were " property of the estate " after they came into the charge of the administrator. An intestate may die in possession of goods unlawfully acquired, and therefore not his property ; but if such goods came into the hands of his administrator as such, they are nevertheless property of the estate, for the due administration of which the administrator is liable, as also are the sureties on his bond. Whatever property the administrator gets possession of by virtue of his office, though it comes to him through a mistake of law or fact and may not have belonged to the deceased, and though it does not properly belong to the estate, is nevertheless the property of the estate whilst in the administrator's hands, at least in such a sense that he is liable for any waste. If the administrator claims the property and gets it into his possession, neither he nor his sureties, when called to account by the real owner, can defend on the ground that the property which the administrator has treated as property of the estate did not legally belong to it and was not therefore the proper subject of administration. If the deceased has during life converted to his own use specific goods belonging to another, of which the administrator takes charge as the goods of the deceased, the administrator surely commits a breach of his bond if he

destroys or culpably loses such goods; and it would be no answer, when sued upon his bond by the real owner of the goods, to say that, not being property of the estate, these goods are not named in the administrator's bond, and he is not officially liable for the disposition he may have made of them.

But if, as we have no doubt, the defendant in the claim and delivery action might have proceeded against the sureties of the administrator, on his refusal to pay the judgment against him as administrator, for the value of the property taken, the surety on the bond in the suit, who has paid the judgment, being subrogated to the rights of the defendant, is in no worse position. The Circuit Court had undoubted jurisdiction to give judgment in favor of Walsh against Dailey as administrator, and to order its payment out of the goods of the deceased; and the neglect to perform and obey the order and decree of the Circuit Court was a breach of the administrator's bond, according to its plain terms, for which the sureties are liable.

The position of counsel for appellants, that the surety of an administrator will be liable only for such assets as he had a right to receive and was therefore bound to administer, is quite untenable, in view of the adjudicated cases in Missouri.

The judgment of the Circuit Court is affirmed. All the judges concur.

BAKEWELL, J., delivered the opinion of the court on motion for a rehearing.

An application for rehearing in this case is made, on the ground that we have overlooked the main and controlling point in the case, which is now said to be this: that the judgment in favor of Walsh against Dailey as administrator, could not be legally enforced against the assets of the estate of Roddy; and that therefore the refusal to pay until the same was classified in the Probate Court, and ordered to be

paid by the Probate Court, can be no breach of the administrator's bond.

The rule undoubtedly is that judgment against administrators can only be enforced by proceedings in the Probate Court. No execution is allowed against the executor, but judgments must be classified like other claims. And though in St. Louis County the claimant may sue in the Circuit Court, yet when he obtains judgment he can have no execution, but must present his judgment for classification. Wag. Stats., p. 607, sect. 22 ; p. 101, sects. 1, 8 ; *Wernecke* v. *Kenyon*, 66 Mo. 282.

This has been the law in this State since 1827 ; and the reason of it is obvious. The whole theory of our administration law would be deranged, and the classification of demands and orders of payment by the Probate Court would be disturbed, if the Circuit Courts could, in cases of demands against the estate, order execution *de bonis testatoris*.

The case of a replevin suit is, however, anomalous. There, if the administrator fail to prosecute his suit with effect, and have the property, the judgment is that he shall return the property taken, *in specie*, or pay the assessed value, at the election of defendant. Such a judgment manifestly cannot be classified against the general assets of the estate, and the provisions as to the classification of demands cannot be made to apply to it. It is to be presumed that the property taken by the administrator has not been inventoried ; and, unless seized shortly after the issue of letters, it cannot have been appraised ; and until the determination of the replevin suit it can hardly enter into the accounts of the administrator with the Probate Court. As the administrator is bound to return the property *in specie* if judgment go against him and the defendant so elect, it is his duty, of course, to keep this particular property separate from other property which comes into his hands as administrator, and subject to the order of the Circuit Court ; and the order of that court that the property be returned, or that its value

be paid to defendant, is one which, from the necessity of the case, the administrator is bound to obey, — an order contemplated in his bond, and one which, if not obeyed, renders the sureties liable. The sureties on the administrator's bond are liable for the non-performance of that order. The administrator in this case not having paid the value of the property to defendant in the replevin suit according to the order and decree of the Circuit Court, one of the plaintiff's sureties in replevin was compelled to satisfy that judgment; and, in accordance with the statute, this surety obtained judgment against the principal debtor for this amount, with ten per cent interest. The principal debtor was the administrator as administrator; no execution against the estate could issue on this judgment; and it was plainly no more the subject of classification in the Probate Court than the original judgment in replevin, to which it was in a manner ancillary. We think that the proper course was an order on the administrator to pay, made in the Circuit Court; and that, this order being disregarded, the sureties of the administrator were liable on the administrator's bond, under the clause that the administrator shall "perform all things required by law, touching the administration required by law or the order or decree of any court having jurisdiction." The surety on the replevin bond, having paid the judgment, was subrogated to the rights of the defendant in that action, and ought to be in no worse position. As the defendant in replevin could proceed against the sureties of the administrator, so can the plaintiff in this case, who stands in his shoes.

It is not to be denied that the case presents some difficulty, in view of the language of the statute. But, believing as we do that the order upon the administrator to return the property or to pay its value is one which it is competent under the statute for the Circuit Court to make, we think that the administrator was bound to obey the order, and that his not having done so was a breach of his bond.

This view of the law seems to present no practical difficulty. The administrator, if he has done his duty, and kept the property in controversy to await the result of suit, need have no difficulty in satisfying the judgment of the Circuit Court.

The application for a rehearing is denied. All the judges concur.