EMMA GUTSCH v. ARCHIE B. McILHARGEY AND ELBRIDGE F. BACON.

*Evidence — Receiver — Execution — Replevin — Practice in circuit courts.*

1. Contracts and agencies must usually be shown by the language of the parties, and cannot often be shown otherwise.

2. A statement by the receiver of an insurance company to an officer, before taking out an execution, that he meant to collect it out of certain property, whom he instructed, on giving him the writ, to follow the instructions of the attorney of record coupled with a refusal to surrender the key to the building levied upon, will authorize a jury to find such receiver responsible for such levy and detention.

3. A receiver may frequently, under color of his office, get possession of property which does not belong to him, and his official character will be no defense to such tortious action, or deprive parties of their rights.

4. When parties seek to repeat the same questions after they are answered, it is at most purely discretionary with courts to allow it. Some respect is due to witnesses, and, unless equivocating, it is not the duty of the trial court to permit useless repetitions.

Error to Huron. (Beach, J.) Argued April 6, 1888. Decided April 13, 1888.

Replevin. Defendants bring error. Affirmed. The facts are stated in the opinion.

*Elbridge F. Bacon* (*C. L. Hall*, of counsel), for appellants.

*John F. Murphy* (*William Potter*, of counsel), for plaintiff.

CAMPBELL, J. This was an action of replevin for a small frame house. Defendant Bacon, as receiver of an insurance company, obtained a judgment against Herman Gutsch, the husband of plaintiff, and delivered the execution for service

to defendant McIlhargey, who, as is claimed, by Bacon's directions, levied it upon the house in question. The building was used by Mr. Gutsch as a shoemaker's shop, and Mr. McIlhargey allowed him, pending the levy, to continue to work there.

On the trial the title of plaintiff was shown in part by her husband, who testified to getting the building done by her directions, and with her money. This was objected to as hearsay, but upon no good reasons. Contracts and agencies must usually be shown by the language of the parties, and cannot often be shown otherwise.

It was also claimed that the testimony which connected Bacon with the seizure was improper. It was shown by McIlhargey that Bacon told him, in substance, before getting the writ, that he meant to get the judgment out of this property, and, when he gave him the writ, told him to follow the instructions of his attorney of record, Mr. Hall. The testimony also showed that Bacon refused to give up the key. We think there was enough to authorize the jury to regard Mr. Bacon as responsible for the levy and detention.

It is claimed that, by allowing Mr. Gutsch to work in the shop, it was practically restored to plaintiff's possession, and was not, therefore, liable to be replevied. But her husband's possession under permission was not her possession, and the officer retained the key, and the actual control of the building, and so excluded plaintiff entirely. Some objection was also made to allowing testimony of what McIlhargey said, when possession was demanded of him, concerning his acting under Bacon's orders. There can be no doubt that it was proper to give his answer just as he gave it, to show on what pretext he acted. It was neither claimed nor ruled that Bacon was bound by what he said.

Objection was also made that Bacon could not, as receiver, be liable in replevin, or for a tort. This is not so. A receiver may frequently, under color of office, get possession of prop-

erty which does not belong to him, and his official character ought not to be a defense to his tortious action, or deprive parties of their rights. Possibly it might have been as well to have named him without his title, but after all it may stand as descriptive. We are not concerned on this record with the question whether he could have recourse to his fund to pay the judgment when collected against him. This is a matter to be settled by the court that appointed him. As a wrong-doer he is liable personally, whether liable officially or not.

It is also alleged as error that Gutsch was not required to answer a cross-interrogatory concerning his income and expenses. He had already answered the same question, and this was only a somewhat offensive mode of asking him whether what he had already said was true. There was no error in sustaining the objection. When parties seek to repeat the same questions after they are answered, it is at most purely discretionary with courts to allow it. Some respect is due to witnesses, and, unless equivocating, it is not the duty of the trial court to permit useless repetitions.

There is no error in the record, and the judgment must be affirmed.

CHAMPLIN, MORSE, and LONG, JJ., concurred. SHERWOOD, C. J., did not sit.