[No. 1218. Decided May 25, 1894.]

## W. P. SAYWARD et al., Appellants, v. W. H. THAYER et ux., Defendants, THOMAS NUNAN et al., Respondents.

### RES JUDICATA — QUESTIONS DECIDED.

The plea of res judicata applies, as a general doctrine, not only to points upon which the court was actually required by the parties to form an opinion and pronounce a judgment, but to every point which properly belonged to the subject of litigation, and which the parties, exercising reasonable diligence, might have brought forward at the time.

Where chattels levied upon as the property of a judgment creditor have been claimed by a third party as owner under a bill of sale, and, in the trial of title thereto, it has been determined that such bill of sale was in effect a chattel mortgage, and judgment is rendered against the claimant, a subsequent action by such claimant to foreclose his lien as mortgagee is subject to the plea of res judicata. (HOYT and ANDERS, JJ., dissent.)

*Appeal from Superior Court, King County.*

*Battle & Shipley,* for appellants.

*Frank P. Lewis,* for respondents.

The opinion of the court was delivered by

DUNBAR, C. J.—Some time during the year 1891, respondents Maitland and Weedin, who were execution creditors of defendant Thayer, levied upon certain logs through the agency of the sheriff of Island county. The appellant Sayward claimed to be the owner and in possession of said logs, and brought suit in Island county on said claim, by filing his affidavit and bond under the statute, and took said logs from the sheriff. Upon the trial of the case the jury returned a verdict in favor of defendants, the respondents here, for the return of the property, or in case it could not be returned, for its value. Sayward bases his claim of ownership upon a written instrument which

he claims was an absolute bill of sale, claiming that under said bill of sale he had taken possession of and conducted the logging camp at which the logs were cut, while the contention of defendants in that action was that the instrument claimed to be a bill of sale was in reality a chattel mortgage. Judgment was rendered in conformity with the verdict of the jury, from which judgment an appeal was taken to this court, and upon its investigation here the judgment of the lower court was affirmed.

After the affirmance of said judgment Sayward brought another action to foreclose his lien on the property aforesaid which he claimed had attached by reason of the written instrument aforesaid, asking the court at the commencement of the action to restrain the sheriff and respondents from the collection of the judgment rendered in the former proceeding until after the determination of this action. A temporary restraining order was granted by the court which, upon hearing, was dissolved. Respondents interposed a demurrer to the complaint, which was sustained by the court. Appellants resting upon their complaint, judgment was entered, and from the action of the court in refusing to grant a restraining order, and in sustaining the demurrer, the plaintiffs appeal.

The complaint is too long for reproduction, but it set forth the indebtedness alleged, the bill of sale, the judgment of the superior court in the former suit, and the judgment of this court in said suit, which was entitled *W. P. Sayward, H. C. Mercer and Nathan Bucklin, appellants, v. Thomas Nunan, Alexander Maitland and W. J. Weedin, respondents,* and is reported in 6 Wash. 87.

It seems to us that the demurrer to this complaint was properly sustained on the ground that there was no allegation of a chattel mortgage ever having been executed. It is true the complaint recites that this court had decided that the plaintiff was but a mortgagee, and not sole owner

of the property, as shown by the instrument claimed to have been an absolute bill of sale, but there is no allegation that we can find in this lengthy complaint that defendant Thayer ever executed or delivered to the plaintiffs a chattel mortgage, but the allegation is that the plaintiffs were the sole owners of said property by reason of said bill of sale and by reason of possession thereunder, and that the respondents knew that fact at the time of the levy.

The main contention of the respondents, however, is that the case of *Sayward v. Nunan*, 6 Wash. 87 (32 Pac. 1022), is *res judicata* of the case at bar, and this point, we think, is well taken, for while there is considerable conflict of authority on this branch of the law of estoppel, we think there can be found no case so liberal as to allow a reinvestigation by the courts of a case like this.

We have examined the cases cited by appellants, and do not think they sustain their contention.    The general doctrine is that the plea of *res judicata* applies, except in special cases, not only to points upon which the court was actually required by the parties to form an opinion and pronounce a judgment, but to every point which properly belonged to the subject of litigation, and which the parties, exercising reasonable diligence, might have brought forward at the time.    This rule was announced in the case of *Henderson v. Henderson*, 3 Hare, 100, which is cited and commented upon by the supreme court of the United States, in *Cromwell v. County of Sac*, 94 U. S. 351, a leading case on this subject, and the court in quoting this language says:

"There is nothing in this language, applied to the facts of the case, which gives support to the doctrine that, whenever in one action a party might have brought forward a particular ground of recovery or defense, and neglected to do so, he is, in a subsequent suit between the same parties upon a different cause of action, precluded from availing himself of such ground."

And the court proceeds in the case of *Cromwell v. County of Sac, supra*, a case which was cited by appellants in this case, to apply the principles enunciated by the case quoted from to the case before the court, and to say that—

"Various considerations, other than the actual merits, may govern a party in bringing forward grounds of recovery or defense in one action, which may not exist in another action upon a different demand, such as the smallness of the amount or the value of the property in controversy, the difficulty of obtaining the necessary evidence, the expense of the litigation, and his own situation at the time."

But none of those considerations can be made applicable, or brought to bear in this case. While it is true that it was determined in the former action that the instrument in question was not a bill of sale, yet the object of that action was not merely to obtain the naked possession of the property in dispute, but was to prevent its subjugation to the execution of the judgment creditors. Sayward alleged ownership of the property by reason of this bill of sale, while the contention of the respondents was that they had a right to sell the property, and have the proceeds applied on their judgment. It would be barren litigation, indeed, to determine by expensive litigation that Sayward was not entitled to the possession of these logs, if, after the determination of that question, the same forum would deprive the judgment creditors of the fruits of their litigation. The same instrument upon which Sayward founded his claim in that case is the basis for his action in this case. The judgment was that he return the property, or if that could not be done, then he should pay the amount due on said execution to the execution creditors, amounting in all to the sum of $1,148, that is the judgment pronounced by the superior court and affirmed by this court. It appears from the complaint in this action that the property was not returned, but was retained by Sayward. This was the ob-

ligation he took upon himself when he commenced the action, viz., to return the property or pay the value thereof, and if this judgment so rendered and so affirmed by the appellate court is to be rendered useless and of no avail, until some other case which appellant sees fit to institute is determined by the same court, then the doctrine that the law does not favor multifarious suits certainly will not obtain.

The judgment in the former case was the determination of the rights of the parties as to this particular property. The determination was that it should be subjected to the payment of the judgment obtained by the execution creditors, and that judgment is final and conclusive. Under our system of pleading the appellants had a right to have all their rights determined in one action. The presumption is that they were determined, and that the litigation was ended when the judgment was rendered. In addition to this, it almost conclusively appears from the language used by this court in the case of *Sayward v. Nunan, supra*, that the appellants are precluded from a recovery in this action on another ground, for, says the court:

"Furthermore, it is questionable, at least, if said instrument was merely given as security, whether the recording of it would help the appellants' claim in any way. If it is to be treated as a mortgage, § 1648, Gen. Stat., provides that a chattel mortgage shall be void against creditors of the mortgagor or subsequent purchaser and 'incumbrances' of the property for value and in good faith, unless it is accompanied by an affidavit of the mortgagor that it is made in good faith, and without any design to hinder, delay or defraud creditors, and is acknowledged and recorded in the same manner as is required by law in the conveyance of real property. This instrument was not so executed. To hold that the affidavit and acknowledgment are not required where a bill of sale is given as security and is in effect a mortgage, would be to render such provisions of the law in relation to chattel mortgages nugatory, for

the same could be avoided and fictitious claims created and spread upon the records by giving a mere bill of sale — a fraudulent device — instead of a mortgage. Jones, Chat. Mort., § 275; *Shaw v. Wilshire*, 65 Me. 485; *Bird v. Wilkinson*, 4 Leigh, 266–274; *First National Bank v. Damm*, 63 Wis. 249 (23 N.W. 497); *Yenni v. McNamee*, 45 N.Y. 614.''

It seems to us that the language of the statute leaves little or no room for construction, and the legislative will· is plainly expressed, and that, unless the mortgage is accompanied by the affidavit prescribed, as against creditors, or subsequent purchasers or incumbrancers for value and in good faith, the instrument is void; so that in any event, it having been decided by this court that the instrument in question was not a bill of sale, and that construed as a chattel mortgage it is void as against the respondents in this action, the plaintiffs must necessarily fail in their action.

The judgment is, therefore, affirmed.

SCOTT and STILES, JJ., concur.

HOYT, J. (*dissenting*).— I am unable to concur in the foregoing opinion. The issues which could have been made upon the complaint were not the same as those which were or could have been decided in the former case of this plaintiff against some of these defendants, and for that reason the judgment in that case could not constitute such an adjudication as would in any manner prevent the maintenance of this action. In the former case plaintiff claimed to be the owner of the property in question, and upon that theory framed his complaint, and tried the issues made thereon. While claiming as such owner he could not claim as mortgagee, and for that reason the only persons who were proper parties to that action were the ones who had taken possession of the property. The person of whom he had purchased the property was not a neces-

sary, nor even a proper, party, so that any allegations or proof tending to authorize a judgment of foreclosure would have been out of place in that action. The plaintiff sought to enforce his rights under the bill of sale, as he understood it, and from that standpoint his allegations and proofs were consistent, and if found to be true by the jury would have required a judgment in his favor. The defendants introduced proof tending to show that the transaction was a different one, and the jury found in their favor, but to hold that the plaintiff, by reason of having attempted to enforce the contract as he understood it, thereby lost all rights thereunder would be contrary to justice and the practice of courts in relation to trials. As well might it be claimed that a plaintiff who sought to recover five hundred dollars on an account, and introduced proof showing or tending to show that he was entitled to that amount, would be precluded from recovering one hundred dollars which was conceded by the other side to be due if the jury should find adversely as to his claim for the larger amount. Justice requires that a party should be allowed to litigate a matter from his own standpoint, and it should not be held that by reason of the fact that in so doing he claimed more than he was entitled to he must lose that to which he is entitled.

The judgment in the former case was *res judicata* only to the extent that the title to the property did not pass to the plaintiff by virtue of the purported bill of sale. Such being the case, if under that judgment the property had been returned to the defendants, there could be no reason why it would not then be subject to the bill of sale held to be a mortgage, and if the property would be so subject, there is no good reason why the judgment, which is in lieu of the property, should not also be subject to the mortgage.

It is further objected that the plaintiff does not, even in

this action, allege that the bill of sale in question was a mortgage, and it is claimed that for that reason he should not be allowed to maintain the action. To my mind his complaint and proofs in the former action and the complaint in this action are entirely consistent, and are in the only form in which they could have been truthfully stated and introduced. Plaintiff has not changed front in the least in regard to his understanding of the transaction evidenced by the bill of sale, and not having done so he could not be required to stultify himself by alleging in this action a contrary state of facts from that alleged by him in the former one. All that could be required of him was to allege the making of the bill of sale, and that by an adjudication binding upon him it had been declared to be in effect only a chattel mortgage. Having done this, he certainly should be allowed to recover upon it as such mortgage, for the reason that he would be precluded thereby from recovering upon it as anything else. To my mind the complaint was entirely consistent with the former adjudication, and set out a cause of action, if the grantee in a paper executed as a bill of sale is entitled to assert rights thereunder when it is shown to have been given as security.

And that brings me to the discussion of the question of paramount importance and as to which the majority of the court seem to have come to a conclusion which I believe to be not in accordance with reason or authority. What is said in the opinion in this case upon such question is to a considerable extent founded upon what was said by the court in the former one, to which reference has been made. It will be seen, however, by an examination of the issues in that case, that the question as to whether or not the bill of sale could be enforced as a mortgage was in no manner involved. As has been before suggested, the only question made by the pleadings in that case was as to the title to the property. If the bill of sale conveyed the property,

the plaintiff was entitled to recover; if it did not, the defendants were entitled to judgment, regardless of the question as to whether or not it could have force as a mortgage. So that whatever was said in that case upon this subject was not only not necessary to a decision of the issues, but was entirely outside of any question raised by the pleadings.

The authorities cited in that case to sustain what was said upon this subject are, however, again cited in the opinion in this, and for that reason I feel called upon to briefly review them, but in so doing shall content myself with the general statement that in my opinion no case cited goes to the extent of holding that a bill of sale, executed and recorded as such, cannot be enforced as a chattel mortgage if shown to be such in fact, for the reason that it was not executed with all the formalities required in the execution of such mortgage. The most that can be said of the strongest case cited is that it is therein held that bills of sale given as security are within the recording laws as to chattel mortgages, and if not recorded as therein required will be void as against creditors or *bona fide* purchasers.

But it does not follow that any of the courts in which these decisions were made would have gone to the extent of holding that a bill of sale intended as a security must be executed as a chattel mortgage in order to be enforced at all. On the contrary, a careful reading of the cases cited, and of the text books upon the subject, will tend strongly to show that directly the contrary would have been held as to that proposition. It might be a fraud upon creditors and subsequent purchasers to withhold a paper from record, and thereby deprive them of notice that there was any claim against the property, but it does not follow that there would be any fraud upon them if the notice was given in such a form as to make the claim appear greater than it in

fact was.   Principles of law and equity fully established by a long course of decisions settle this question.

When a distinction between courts of law and equity prevailed, it was uniformly held that in a court of law a deed or bill of sale could not be shown by parol to have any other force than that disclosed upon its face.   Not only was this the settled rule as to this particular class of instruments, but such rule was in harmony with the more general one that the legal effect of a written instrument could not be changed by oral proof.   And it was only after much dispute and discussion that courts of equity established the rule that where a deed or bill of sale was intended only as security that fact might be shown by parol, and if it was, these courts would refuse to give it effect in accordance with its terms.   But having done so they always went on and gave them full effect in accordance with the intent of the parties as shown by such proof.   The most that courts of equity did was to say that we will not allow such an inequitable thing to be accomplished as that an instrument which was intended between the parties only as security for the repayment of money shall be given force as an absolute conveyance simply for the reason that it is drawn in such form as to warrant it.   In making this ruling, and thus allowing the terms of a written instrument to be changed, these courts never lost sight of the fact that it was only in accordance with the rules of equity that it could be done, and always acted upon the well known maxim that he who seeks equity must do equity; hence they always required that the instrument shown to be different from what its face purported must be given force in accordance with the actual intention of the parties at the time of its execution.

The conclusion to which the majority of the court has come seems to me in contravention of these well settled equitable rules, and it cannot be claimed that for the reason

that both legal and equitable rights are here enforced in the same court there has been any change in the situation, as it is universally conceded that the distinction between such rights is fully maintained under the reformed procedure. It would not be in accordance with the practice of the courts to allow one whose rights are absolutely cut off by the terms of an instrument as to which he has full notice to invoke a rule of equity to relieve himself from the full force of the instrument without requiring him to give it effect in accordance with the intent of the parties as shown by the proofs introduced by reason of such equitable rule.

It may be true, as suggested, that the holding of the majority of the court is necessary to give the fullest effect to the provisions of the statute requiring a chattel mortgage to be executed with certain formalities not required in the execution of a bill of sale, but the possibility of fraud in that respect is not sufficient to justify the courts in overturning rules of law and equity so long established. If a remedy for the evil suggested is required, it is for the legislature, and not the courts, to provide it. Beside, the probability of such fraud is much less than would be inferred from what is said in regard thereto, for while it is true that by collusion property could be covered by fictitious bills of sale, yet it is also true that persons who would be willing to do this would generally be willing under a pretense of some kind to likewise encumber it, even though the formalities required in the execution of chattel mortgages had to be complied with.

Such are my conclusions as to the reason and law which should govern this question, and if I had any doubt in regard thereto the consequences which must flow from the ruling of the majority will be such that I should feel compelled to resolve such doubt in favor of the enforcement of instruments of this kind in accordance with the intention

of the parties at the time of their execution. To hold otherwise will make it a perilous thing to take a bill of sale, for whatever may have been the circumstances surrounding its execution, and however *bona fide* may have been the transaction, and the consideration therefor, when an attempt is made to assert rights thereunder it will be at the risk of having an unscrupulous grantor go into court, and by falsely testifying that the transaction was in fact one of security and not of absolute sale, not only prevent a recovery upon the instrument according to its apparent force and effect, but also defeat its enforcement according to its force and effect as shown by this testimony. And the only way in which this risk could be provided against would be to have every bill of sale executed with all the formalities required in the execution of a chattel mortgage, and to do this would be to furnish evidence for the grantor to assist him in fraudulently showing that an absolute transaction of purchase and sale was only a matter of security if at any time by reason of a change in the value of the property transferred it should be to his interest so to do.

The bill of sale conveyed the title to the property, and its effect could not in a law court be changed by oral testimony. If one claiming adversely thereto is allowed in equity to show by parol that its force is other than that shown upon its face, he must in equity be required to concede its force in accordance with the intention of the parties at the time of its execution.

The judgment should be reversed.

ANDERS, J., concurs.