[No. 13457. Department Two. August 29, 1916.]

SOUTHWESTERN SURETY INSURANCE COMPANY, *Respondent,*
v. PACIFIC COAST CASUALTY COMPANY, *Appellant,*
CHARLES SHUBART *et al., Defendants.*[1]

RECEIVERS—ACTIONS—LEAVE TO SUE—WAIVER. Failure to obtain leave to sue a receiver is not jurisdictional but an irregularity that may be waived or cured at any stage of the proceedings.

SAME—SURETIES — LIABILITY ON BOND — BREACH OF DUTY — CONVERSION OF PROPERTY REDELIVERED. Where a receiver brought an action of replevin, and pending suit, disposed of the property without order of court, he was guilty of a conversion and a breach of his official duty, rendering the surety on his official bond liable to the surety in the replevin bond, who paid the judgment against the receiver.

SAME—LIABILITY ON BOND—EXTENT—SUBROGATION. Where a receiver's surety in a replevin bond paid the judgment against the surety, recovered through the receiver's neglect of duty in converting the property replevined, the surety is subrogated to the rights of the party in possession of the property; hence his recovery against the surety on the receiver's official bond is limited to the value of the property, and is not measured by the amount of the judgment against the receiver in the replevin suit; since the receiver's official bondsman undertakes to answer only for the value of the property coming into the receiver's hands, not for the amount of creditor's claims.

SAME. Where the court, in replevin by a receiver, failed to find the value of the property, and the receiver made himself liable on his official bond by converting the property pending the suit, the receiver's allegation in the replevin complaint that the property was of the value of $800, does not determine the value of the property and is not conclusive in an action on the receiver's bond to hold the receiver's surety for the value of the property converted.

Appeal from a judgment of the superior court for King county, Mackintosh, J., entered December 21, 1915, upon findings in favor of the plaintiff, in an action on a receiver's bond, tried to the court. Reversed.

*Geo. McKay* and *Henry S. Noon,* for appellant.

*Ballinger, Battle, Hulbert & Shorts,* for respondent.

[1]Reported in 159 Pac. 788.

CHADWICK, J.—The defendant, Charles Shubart, was appointed as receiver for an insolvent corporation. The appellant, which will be called the Casualty Company, became surety on his bond. The bond was conditioned for the faithful discharge of the duties of the receiver. One of the assets of the insolvent estate was a launch, then in the possession of one Miller. Miller refused to deliver possession to the receiver, who began an action in replevin. He gave bond with respondent, which we will call the Surety Company, as surety, and took possession of the launch. Pending the trial, the receiver, without any order of the court, exchanged or traded the launch for a five-acre tract of land in Kitsap county. Miller answered in the replevin suit, setting up a lien in the sum of $627.35 for labor performed and material furnished in the repair of the launch, and claimed the right of possession pending the payment of his claim. The court entered a judgment against the receiver for the sum of $627.35, with interest and costs, amounting in all to the sum of $773.88.

Miller then proceeded against the Surety Company, and it paid the full amount of the judgment which had been rendered against its principal, the receiver in the replevin action. The Surety Company then began this action to recover the amount so paid from the receiver and the Casualty Company upon the receiver's bond. From a judgment in favor of the Surety Company, the Casualty Company has appealed. It is first contended that the action cannot be maintained because the action was not begun with leave of the court. This objection is not now material for two reasons: (a) It is likely that an order entered after the action was begun would cure the irregularity. (b) The objection does not go to the jurisdiction of the court. It is no more than an irregularity · that may be waived or cured at any stage of the proceedings. *Payson v. Jacobs*, 38 Wash. 203, 80 Pac. 429.

The briefs have taken a wide range, but the main reliance of the Casualty Company is that the act complained of and its consequences were not within the contemplation of the parties, and that recovery for moneys paid upon a replevin bond are not within either the letter or the legal effect of the receiver's bond. The obligation assumed by the Casualty Company was that the receiver should faithfully discharge his duties as receiver. The duties of a receiver are to take charge of, and safely keep and account for, all of the assets of the estate, and to abide all orders of the court with reference thereto. 34 Cyc. 15-17; High, Receivers (4th ed.), § 1.

The sale of the launch, pending a trial of the replevin action, was clearly a breach of duty on the part of the receiver, and subjects his surety to answer for his default. It was, in law, a conversion of the property. While, as we have said, the briefs take a wide range, counsel are in accord upon the fundamental principle. Counsel for appellant says: "For the receiver's conversion of the launch the law fixes the legal consequences, viz.: Liability for its value." Counsel for respondent repeats many times that, by his neglect of duty, the receiver converted the launch to his own use.

As we view the case, therefore, there is but one question open to inquiry, and that is the extent of the Casualty Company's liability. In the replevin action, the court entered a judgment:

"That the defendant Miller is given possession of said boat and the plaintiff is not entitled to possession of the said launch 'Pacific' which was replevined by said plaintiff from said defendant herein, except on condition that said plaintiff pay to said defendant the said sum of six hundred twenty-seven and 35-100 ($627.35) dollars, with legal interest thereon since April 15, 1912, together with the costs and disbursements herein.

"It is further ordered and decreed that the said Miller has a lien on said launch for the payment of said six hundred twenty-seven and 35-100 dollars, with interest and costs, and was rightfully in possession of the same at the time of said replevy thereof."

The value of the property was not determined by the court. In the trial of this case the court refused to permit appellant to show the value of the launch.

It is asserted that the Casualty Company is liable for the full amount paid by the Surety Company in satisfaction of the replevin bond, and that the court did not err when it denied the offer of appellant to show the value of the launch, for the reason that the receiver had alleged the value of the launch to be $800 in his complaint in the replevin case, and

"It makes no difference what the value of the launch was because the receiver had disposed of it without authority, converted it to his own use as found and decreed by the court, and a money judgment was rendered against him for the amount sued for in this case on account of the receiver's neglect . . ."

Counsel for the Surety Company rightfully assumes that respondent is subrogated to the rights of Miller, and, while it can no doubt assert its judgment for the whole thereof against the receiver or possibly against the estate, we cannot agree that it may recover against the appellant for more than the loss which Miller sustained by reason of the conversion of the launch. The argument of counsel and the ruling of the trial court rest upon the same fault, that is, failing to distinguish between the *claim* of Miller and the *damage* or *loss* he sustained by reason of the destruction of his security.

The engagement of appellant was to answer for the value of all property which might come into the hands of the receiver. It did not bind itself to pay the claims of creditors, nor could it be bound by the judgment in the replevin case beyond the value of the property. It was not a party to that judgment and cannot be made privy beyond the terms of the bond. In other words, its liability rests upon its own obligation as evidenced by the receiver's bond, and not upon the judgment.

We have not overlooked the principle which is so strongly urged by counsel, that:

"Subrogation is not founded upon contract, but upon principles of equity, and may be enforced where no contract or privity of any kind exists between the parties."

This, we have held many times; but it is equally well settled that, where the liability of a party is fixed by contract or by statute, courts will not resort to equity to either enlarge or defeat them.

Respondent stands in the shoes of Miller and can claim no greater right, and can recover no more, than Miller lost, which was the value of his security. If the court had found the value of the property, as the statute, Rem. & Bal. Code, § 434, directs that it should, we have no doubt that appellant would be bound although not a party to the suit; but failing to find the value, that question is still open to it. Counsel says the receiver, in his complaint, alleged the value to be $800. The question of value cannot be determined by reference to the complaint. We cannot assume that the court adjudicated anything that is not comprehended in the judgment.

It seems to us that the judge who tried the replevin action lost sight of the question of value, or rejected it as immaterial, upon the theory that the receiver might not set up the value as against his destruction of the lien, regarding it possibly as in the nature of a *devastavit*. If this were so, a judgment might be entered against the receiver personally, and the amount of the judgment could not thereafter be questioned by him; but in ascertaining the liability of the Casualty Company to answer for his wrong, we are not called upon to inquire whether a judgment should have been entered as a personal judgment *de bonis propriis, Gutsch v. McIlhargey*, 69 Mich. 377, 37 N. W. 303, or a judgment *"de bonis testatoris," Ranney v. Thomas*, 45 Mo. 111, for the judgment was in fact entered against the receiver in his

representative capacity. Nor would the form of the judgment estop the Casualty Company from asserting its legal right to be held to the liability fixed by its undertaking. If the question of value had been really adjudicated and evidenced by the judgment, we would incline to the holding that the surety could not deny its liability to pay the full amount thereof. In *State, Use of Walsh v. Dailey,* 7 Mo. App. 548, an action was brought upon a similar state of facts, but in that case the judgment in the replevin action followed the statute. The value of the property, if return could not be had, was fixed. It was held that the surety who paid the judgment "stood in the shoes of the defendant in the replevin action and ought to be in no worse position." We are holding that he should be in no better position. The principle is the same whichever way it is applied. The question of value was not raised in that case. The amount of a recovery, if a recovery might be had, seems not to have been questioned. We hold, then, that, in order to bind the receiver's surety, the value of the property must affirmatively appear in the judgment. Otherwise, the surety must have its day in court.

There is another way to look at the case. The failure of the court to find the value of the property in the replevin action may be rejected as an immaterial thing for, in legal effect, the judgment was no more than the establishment of Miller's claim against the estate. The receiver was not made liable personally by the judgment. The claim being established, the liability of the receiver's surety is to answer for the property, and if it is not forthcoming, for its value. The Surety Company is, in legal effect, the assignee of Miller's claim. Whatever the claim may be, and however it may have originated, it can claim no more than the sum that the property, if sold and turned into money, would have liquidated upon the claim if treated as the claim of a general creditor. Or, stated in another way, having a judgment, the Surety Company could not issue an execution, but must seek its re-

covery in the receivership proceeding (High, Receivers, 4th ed., § 255) ; or, which is the same thing, a suit against the receiver and the surety upon his bond, subject, of course, to all the defenses that would have been available to the surety if the claim had been presented as a claim.  If it were not so, a creditor who ignored the receivership and prosecuted his claim to judgment could claim against the property or on the bond to the extent of the undertaking, and to the exclusion of general creditors or the expenses of administration.

Reversed and remanded for further proceedings.

MORRIS, C. J., PARKER, HOLCOMB, and BAUSMAN, JJ., concur.