[No. 25893.   Department Two.   June 15, 1936.]

JAMES A. BAXTER *et al., Respondents,* v. CENTRAL WEST CASUALTY COMPANY, *Appellant.*[1]

*Poe, Falknor, Falknor & Emory,* for appellant.

*Stephen E. Chaffee,* for respondents.

[1]Reported in 58 P. (2d) 835.

MAIN, J.—This action is based upon a policy of automobile insurance. The defendant denied liability, and the cause was tried to the court and a jury and resulted in a verdict in favor of the plaintiffs in the sum of $3,341.20. The defendant moved for a new trial, which motion was overruled, and from the judgment entered upon the verdict, it appeals.

March 13, 1933, the appellant issued and delivered to one J. M. Sparks a policy of insurance covering the operations of a Chevrolet truck. The policy contained a warranty on the part of the assured that the vehicle was "owned by the Named Assured, except as follows: no exceptions." The words "no exceptions" were typed into the policy.

April 13, 1933, the truck, while being operated by William A. Sparks, the son of J. W. Sparks, struck and killed the thirteen-year-old daughter of James A. Baxter and wife, the respondents in this action. Thereafter, an action by Mr. and Mrs. Baxter was brought against J. W. Sparks and wife to recover for the death of the daughter.

After that action was begun, an agreement was entered into between J. W. Sparks and the insurer, the appellant, to the effect that the insurer would pay one-half of the cost of defending that action, with the definite understanding that, in so doing, it did not waive any claim or defense that the company might have as to the invalidity of the policy. In pursuance to this agreement, the case was tried, and resulted in a judgment in favor of Mr. and Mrs. Baxter in the sum of $3,250, from which judgment there was no appeal. The insurance company declined to pay the judgment, and the present action was brought upon the policy to recover the amount of the judgment which Mr. and Mrs. Baxter had against J. W. Sparks and wife.

In this action, the defendant denied liability and,

upon the trial, sought to prove that there had been a breach of the warranty as to ownership contained in the policy, in that J. W. Sparks only held the legal title thereto as security for advances which he had made to his son for its purchase, and that, aside from the bare legal title held as security, the son, William A. Sparks, was the owner and purchaser of the truck. The trial court declined to admit testimony on this matter, on the theory that the prior action was *res judicata* and fixed the ownership of the truck in J. W. Sparks. This ruling presents the question for determination upon the appeal.

■ The doctrine of *res judicata* generally applies, except in special cases, not only to points which the court was actually required by the parties to determine, but to every point which properly belonged to the subject of litigation and which the parties, exercising reasonable diligence, might have brought forward at the time. *Sayward v. Thayer,* 9 Wash. 22, 36 Pac. 966, 38 Pac. 137; *Currier v. Perry,* 181 Wash. 565, 44 P. (2d) 184.

■ Where, however, the question in the second action, although similar to the first, and although growing out of the same subject matter, involves a different question, there is no *res judicata* in the first judgment. *Savage v. Tacoma,* 61 Wash. 1, 112 Pac. 78.

In the present case, there was a warranty in the policy that J. W. Sparks was the owner, with no exceptions. In the complaint in the case of Baxter and wife against Sparks and wife, it was alleged that the Chevrolet truck was the community property of the defendants, and at the time of the accident was being used for the benefit of the community. In the affirmative defense of the answer, it was alleged that the child killed was guilty of contributory negligence in running directly into the path of the Chevrolet truck owned

and driven by William A. Sparks. In submitting the case to the jury, an instruction was given to the effect that, if the jury found from a preponderance of the evidence that the truck was owned and controlled by the defendants (J. W. Sparks and wife), and further, that at the time of the accident it was being operated by William A. Sparks as their agent, in pursuit of their business, then the verdict should be in favor of the plaintiffs.

It will be noticed that, in the complaint, the answer, and the instruction, there is simply the general statement of ownership, and no reference to ownership without exceptions. Ownership alone of the automobile was not sufficient to establish liability, but only created a presumption thereof. *Mitchell v. Nalley's, Inc.*, 163 Wash. 183, 300 Pac. 526. The primary consideration in determining liability is not the character of the ownership, but whether the party or parties sought to be held liable had an interest in the object of the trip when the accident happened. Berry on Automobiles (7th ed.), p. 813.

It will be assumed that, if the appellant had refused to participate in the defense of the first action or had participated in it without reservations, it would not now, in this action, be permitted to raise the question of the invalidity of the policy by reason of breach of warranty. The agreement made between J. W. Sparks and the appellant protected the latter's right in the second action to raise the question of the invalidity of the policy on the ground of breach of warranty.

In *Basta v. United States Fidelity & Guaranty Co.*, 107 Conn. 446, 140 Atl. 816, it was said:

"An insurer is not estopped to set up the defense that the assured's loss was not covered by the contract of indemnity by the fact that the insurer participated in the action against the assured, if at the same time it

gives notice to the assured that it does not waive the benefit of such defense. [Citing authorities.]''

In *Allegretto v. Oregon Automobile Ins. Co.*, 140 Ore. 538, 13 P. (2d) 647, it was said:

"Waiver is said to be an intentional relinquishment of a known right. In the instant case it appears, without contradiction, that counsel for the insurance company agreed to defend only upon the express condition that there should be no liability by reason of the contract of insurance. Such conduct is not inconsistent with the theory of forfeiture. Since Harris, the assured, agreed to the conditional representation by counsel for the insurance company, it is plain that he could not have recovered on the policy had he satisfied the judgment against him. Certainly the plaintiff has no greater rights.''

In the case of *Shawcroft v. Standard Accident Ins. Co.*, 177 Wash. 106, 30 P. (2d) 987, it was held that an indemnity insurance company may undertake the defense of a suit against the assured under an agreement with the assured that defenses against its liability on the policy were not waived thereby. It was there said:

"We are convinced that, under the circumstances disclosed by this record, appellant, because of the fact that it defended Ensign and Mrs. Davey in the prior action, is not foreclosed from resisting this action based upon the policy of insurance which it issued.''

While a discussion of the question was not there elaborated, the holding is directly in accordance with that of the other two cases cited on this question. There are other authorities to the same effect, but it does not seem necessary to assemble them here, because the rule appears to be well settled.

The rights of Mr. and Mrs. Baxter, the plaintiffs in the first action, are no greater than the rights of J. W. Sparks, the insured, relative to the

policy of insurance. If Sparks could not have recovered upon the judgment against himself and Mrs. Sparks, had they paid the same, neither can the respondents Mr. and Mrs. Baxter.

In *McCann v. Reeder,* 178 Wash. 126, 34 P. (2d) 461, it was said:

"In the first place, as already observed, this action is not prosecuted by the assured Reeder to recover under the policy, but by one who seeks recovery against appellant through a garnishment proceeding. It is well settled that the rights of a garnishing creditor are no greater than those of the debtor, and, if the debtor may not recover, then the creditor may not. [Citing authorities.]"

While the question in this case arose out of the same subject matter, it involves a different question, and the judgment in the prior action was not *res judicata.*

Nothing herein said is to be construed as expressing any opinion upon any phase of the merits of the question as to the validity or invalidity of the warranty contained in the policy as to ownership.

It is contended that the offer of proof was not sufficient to show an intent to deceive relative to the warranty as to ownership. But we think the offer was sufficient for this purpose.

The judgment will be reversed, and the cause remanded with direction to the superior court to grant the motion for a new trial.

BLAKE, BEALS, and HOLCOMB, JJ., concur.

MILLARD, C. J. (dissenting)—I am of the view that the question of ownership and control of the truck was litigated in the other case; therefore, the judgment should be affirmed.