[No. 26384.   Department Two.   April 13, 1937.]

T. M. DONAHOE, *as Receiver, et al., Respondents,* v. G. E. M. PRATT *et al., Appellants.*[1]

*G. E. M. Pratt* and *Walter S. Acheson,* for appellants.

*Ballinger, Clark, Mathewson & Force,* for respondents.

[1]Reported in 66 P. (2d) 873.

HOLCOMB, J.—This is an interpleader action brought under Rem. Rev. Stat., § 200 [P. C. § 8283], by the liquidator of the insolvent The Home Savings and Loan Association against appellants Pratt and Corella and respondent Demo, in which the complaint alleged that the association had standing on its books a savings share account, No. 46573, in the name of appellant Corella, amounting to three thousand dollars; that on June 21, 1935, by order of the court, a dividend of $150 was declared upon those shares which the association was ready and willing to pay to the person entitled thereto; that on January 26, 1934, appellant (defendant) Pratt filed an assignment of the account to the association, which assignment was executed by appellant (defendant) Corella; that, subsequently thereto, C. P. Bissett, Jr., an attorney representing defendant Demo, filed with the association a copy of a judgment in a certain cause No. 356974, records of the clerk of King county, Washington, and made a claim for the dividends upon the above numbered shares of account in behalf of defendant Demo; and that defendant Demo claims the dividends to be his own.

It was alleged that the court should determine which of the defendants named therein were entitled to the dividends, and that the liquidator of the association disclaimed any interest in the dividend and deposited it with the clerk of the court in the full amount of such dividend. The prayer was that the court determine the party to whom such fund should be paid and that the liquidator go hence without costs.

Separate answers and cross-complaints were filed by Demo on the one part, and Pratt and Corella on the other, claiming the account and dividend. Each side set up certain facts believed to entitle it or them to the account and fund in court. On their affirmative answers and cross-complaints, the action was tried be-

fore the same judge who had tried a former case entitled Demo v. Corella, brought in the same court, in which Demo sought to recover against Corella the three thousand dollars, alleged by Demo to have been advanced to Corella, and that Corella had, without his knowledge or consent, deposited the same in The Home Savings and Loan Association, which had, prior to the time of the institution of this suit, become insolvent and placed in the hands of the state liquidator. That book was No. 46575 in the name of Corella, which evidenced a deposit as having been made with the association on August 1, 1929.

After the trial of this action, the judge entered an able memorandum opinion in favor of Demo. The memorandum opinion might well be adopted as the opinion of this court, as it is sustained on every issue of fact by competent testimony and documents. However, owing to the great number of contentions of appellants necessary for the trial judge to determine, the memorandum opinion is much too long to set forth in the proper length of this opinion.

Twenty-nine errors are assigned by appellants, argued under fourteen groups in very complicated manner. No good purpose will be served by discussing them in detail even under that many heads. Respondents argue them under nine heads, which are still too many.

Among other things in his memorandum opinion, the judge said:

"It seems to me the plain duty of the court to restore the parties to the position in which they were found at the conclusion of the former trial and before the intrusion of Mr. Pratt's misleading affidavit upon which the Home Savings and Loan officers acted. The situation at that time found Demo in possession of the bank book, the usual and ordinary evidence of ownership of the funds in the hands of the Home Savings and

Loan Association and with a clear record of disclaimer of interest on the part of Corella, through whom the Pratt interest arises. Courts of equity should and do recognize the changes affected through the voluntary acts of the parties to an illicit or illegal transaction. The restoration of the pass book by Corella, as was his disclaimer made in open court, were voluntary acts on his part and were without duress or intervention by the court itself. If left in this situation, neither Corella nor his successor, Pratt, can have or do have any interest therein by reason of Corella's disclaimer. The Home Savings & Loan Association holds the funds, to which, of course, the association claims no title or interest, and the last-named organization has requested instructions with respect to the disposition of the funds in its hands.

"I see no reason to feel that the court is at this time forwarding the original illicit transaction by the entry of an order directing the Home Savings & Loan Association to recognize Demo as the owner of the funds entrusted to its care."

The judgment was accordingly entered in conformity with that opinion.

It was agreed by all parties in the controversy that the money in question was originally the property of respondent Demo; that appellant Corella had no more than the legal title and never made any claim to any beneficial interest in it; that appellant Pratt makes no claim to it by reason of his having acted as attorney for Demo in an attempt to get the money back from the liquidator, but makes his claim solely as assignee of Corella; arguing that, because the trial court dismissed the action against Corella for money due, that thereby Demo lost all interest in the account, although Corella had theretofore delivered the savings book to him.

Four errors, argued by appellant, are based upon the statute of limitations. It is contended that Rem. Rev. Stat., § 159 [P. C. § 8166], prescribing a limi-

tation of three years for an action for taking, detaining, or injuring personal property, including an action for the specific recovery thereof, or an action upon a contract or liability, express or implied, applies to this case.

No plea of any statute of limitations either by demurrer or plea was made in this case to the answer and cross-complaint of respondent Demo. The defense of the statute of limitations is therefore not available to appellants.

■ Six assignments of error are based upon the defense of *res judicata* raised by appellants' answer and cross-complaint.

The record discloses that the judgment in the former case recited that it was an order of dismissal "with prejudice."

The trial judge here, who was the same judge as in that action, held that there was no attempt to adjudicate title to the account in that action. As we have heretofore noted, this is an action in interpleader. We cannot assume that the court in the former action adjudicated anything not comprehended in the judgment. *Southwestern Surety Ins. Co. v. Pacific Coast Casualty Co.*, 92 Wash. 654, 159 Pac. 788. Where the question in the second action, although similar to the first, and growing out of the same subject matter, involves a different question, there is no *res judicata* in the first judgment. *Baxter v. Central West Casualty Co.*, 186 Wash. 459, 58 P. (2d) 835.

"A party is not put to the hazard of invoking every possible remedy when seeking redress, nor suffer dismissal without remedy because he has invoked one which cannot be sustained in law." *Mallory v. Olympia*, 83 Wash. 499, 145 Pac. 627.

Cases cited by appellants, *Pelly v. Behneman*, 168 Wash. 465, 12 P. (2d) 422, and *Patterson v. Zuger*, 187

Wash. 285, 60 P. (2d) 69, are inapt, where judgments were entered on the merits of one branch of the case before the rest had been tried, was held to be such final judgment as appeal would lie to this court without waiting for trial on the merits of the balance of the case.

Two assigned errors are based upon the alleged election of remedies by respondent Demo. The principle announced in *Mallory v. Olympia, supra,* defeats that contention. That case has been reaffirmed by this court in *Hart v. Bogle,* 88 Wash. 125, 152 Pac. 1010. See, also, *Payette v. Ferrier,* 20 Wash. 479, 55 Pac. 629.

Three errors are assigned upon the ground that the contract between Demo and Corella was illegal, because it was made to defeat a Federal income tax lien against it.

The judgment in the former case relieved Corella of any liability to Demo. It did not, however, take away from Demo the interest in the account represented by pass book No. 46573, which Corella had theretofore delivered to him.

The illegality of a contract for the sale of lottery tickets entitling purchasers to chances on prizes was held to be no defense to an action to recover from one of the parties involved in a share of the proceeds, where the parties met and determined the amount due, defendant agreeing to pay his associates a certain sum in final settlement. *Central Labor Council of Tacoma v. Young,* 136 Wash. 550, 240 Pac. 919. To the same effect is *McDonald v. Lund,* 13 Wash. 412, 43 Pac. 348, a contest over the proceeds of a gambling partnership.

Under three errors it is argued that there was a splitting of causes of action. What we have said on the question of *res judicata* applies to this matter.

A number of errors are based upon the alleged in-

troduction of immaterial evidence; statements of one of counsel in the former case; insufficiency of the evidence; irregularities of the trial court; and denial of the motion of appellants for judgment notwithstanding the oral decision and motion for a new trial. None of the alleged errors are meritorious. Without discussing them in detail, we have examined them all and find none of them worthy of separate discussion.

Although there was some conflict in the testimony, there was no preponderance of evidence against the trial court's decision. There was no error in law warranting a reversal.

The judgment is affirmed.

STEINERT, C. J., TOLMAN, GERAGHTY, and ROBINSON, JJ., concur.