[No. 4579-1. Division One. March 13, 1978.]

SEATTLE–FIRST NATIONAL BANK, *as Executor, Appellant,* v. GEORGE Y. KAWACHI, ET AL, *Respondents.*

*Edwards E. Merges* and *Stuart W. Todd,* for appellant.

*Olwell, Boyle & Hattrup* and *Tom C. Boyle,* for respondents.

WILLIAMS, J.—This is an appeal from a judgment of the Superior Court dismissing an action for money due. The sole question presented is whether the court was correct in applying the doctrine of res judicata. We reverse.

On December 20, 1961, George Y. Kawachi received $15,000 from Hisashi Kato and his wife, Shizu Kato, for which he gave his promissory note. On February 21, 1962, Kawachi received $10,000 from the Katos to invest for them. This was evidenced by a written memorandum. In October 1970, Shizu Kato, individually and as executrix of her deceased husband's estate, brought an action against George Y. Kawachi and wife and Seiko Wada and wife to recover an indebtedness of $100,000. The Wadas were served with summons and complaint, but did not appear, and were adjudged in default. The case was tried to a jury and resulted in a verdict in the Kawachis' favor, but against the Wadas in the amount of $82,400. One of the instructions to the jury was:

> Plaintiffs claim that the defendants are indebted to plaintiffs by reason of $100,000 advanced to the defendants on or about March 8, 1967.

Defendants Kawachi deny that they received $100,000 or any part thereof on or about March 8, 1967, or that Mr. Wada received said money for said defendant Kawachi's benefit.

In September 1973, Seattle–First National Bank, as executor of the estates of Hisashi Kato and Shizu Kato, deceased, brought this action against George Y. Kawachi and wife to recover on the 1961 and 1962 transactions. After trial, the court entered findings from which it concluded that the action should be dismissed on the ground of res judicata.

The general doctrine, first reported in *Sayward v. Thayer,* 9 Wash. 22, 24, 36 P. 966, 38 P. 137 (1894), is that

the plea of *res judicata* applies, except in special cases, not only to points upon which the court was actually required by the parties to form an opinion and pronounce a judgment, but to every point which properly belonged to the subject of litigation, and which the parties, excercising reasonable diligence, might have brought forward at the time.

■ Relying upon *Sayward,* this court said in *Meder v. CCME Corp.,* 7 Wn. App. 801, 805, 502 P.2d 1252 (1972) that

each cause must be examined to see whether, in comparing the prior to the present action, there is an identity of: (1) subject matter, (2) cause of action, (3) persons and parties, and (4) the quality of the persons for or against whom the claim is made.

The 1961 and 1962 transactions were not at issue in the 1970 case; they were not "point[s] which properly belonged to the subject of litigation," which was the delivery of $100,000 on March 8, 1967. The doctrine of res judicata applies only when the causes of action in the two suits are the same. *Donahoe v. Pratt,* 190 Wash. 103, 66 P.2d 873 (1937). The question raised in the 1970 case differs from those raised in this one; consequently, the judgment in that case has no res judicata effect. As was said in *Baxter v. Central West Cas. Co.,* 186 Wash. 459, 461, 58 P.2d 835 (1936):

Where, . . . the question in the second action, although similar to the first, and although growing out of the same subject matter, involves a different question, there is no *res judicata* in the first judgment. *Savage v. Tacoma,* 61 Wash. 1, 112 Pac. 78.

The Kawachis contend that the 1961 and 1962 documents were introduced into evidence and referred to rather extensively in the 1970 action, and so were or should have been litigated then. That evidence is introduced with respect to a matter not in issue does not preclude the assertion of such matter in a subsequent action. 46 Am. Jur. 2d *Judgments* § 420 (1969). The documents were not at issue and were not carried to judgment in the 1970 action.

The judgment is reversed and remanded to the trial court for further proceedings on the merits.

FARRIS, C.J., concurs.

CALLOW, J. (dissenting)—I dissent. The subject matter, cause of action, persons and parties, and the quality of persons against whom the claim is made are in reality the same. The plaintiff had a full opportunity to present this claim in the prior action. The claims presented here properly belonged to the prior litigation and could have been brought forward then. Returning this action for trial permits parties to bring numerous actions when all claims could and should be combined in one, and encourages duplicitous litigation.

Petition for rehearing denied April 12, 1978.

Appealed to Supreme Court May 4, 1978.