[No. 45522. En Banc. December 21, 1978.]

SEATTLE–FIRST NATIONAL BANK, *as Executor, Appellant,* v. GEORGE Y. KAWACHI, ET AL, *Respondents.*

*Edwards E. Merges* and *Stuart W. Todd,* for appellant.

*Olwell, Boyle & Hattrup* and *Tom C. Boyle,* for respondents.

ROSELLINI, J.—This action was brought for an accounting under two instruments executed by the respondent George Y. Kawachi in 1961 and 1962. Upon motion of the respondent, the action was dismissed, the court finding that the claims were barred by the judgment rendered in King County Superior Court cause No. 729191. In that action the appellant, as executor, had pursued an action instituted by Shizu Kato against the respondents and one Wada for the sum of $100,000, which she claimed her husband had placed in the hands of Mr. Kawachi and Wada, in 1967, for safekeeping. The jury returned a verdict against the defendant Wada, who had by deposition admitted receipt of the sum of $89,000, and who had then defaulted and disappeared. The verdict exonerated the respondents of liability in that transaction.

At the trial of cause No. 729191, the appellant had introduced in evidence the documents sued upon here. In his opening statement to the jury, counsel for the appellant told the jury that these documents, evidence of the circumstances surrounding their execution and evidence of payment of the obligations represented by the instruments, which were in the total amount of $25,000, would be introduced to show the relations between the parties and the trust and confidence which the deceased had in Mr. Kawachi. There was extensive cross–examination of Kawachi with respect to these matters. He testified that all of the $25,000 had been repaid, either by check or in cash. However, testimony of another witness tended to show that $10,000 of the amount owed may not have been repaid.

The complaint in that action was couched in the sparse language permitted by our rules. It alleged that theretofore the defendants had become indebted to the plaintiff and her deceased husband by reason of her husband's having

turned over to them the sum of $100,000; that the defendants were then in possession of said sum, less a few minor advances of not more than $5,000, and that the defendants had refused to return the money in spite of frequent demand having been made.

The claim of the appellant was made more specific by proof at the trial, and the court instructed the jury that the allegation was that $100,000 had been turned over to the respondents in 1967. No instructions with respect to the 1961 and 1962 transactions were requested or given.

It was the theory of the Superior Court in this suit, as we understand it, that the complaint was broad enough to cover those transactions; that they were in fact litigated, and that they could have been determined in the prior action. The judgment, it concluded, was therefore res judicata with respect to them. Two of the three judges of the Court of Appeals, Division One, who heard the appeal, reversed upon the ground that the claims were not at issue in the former action and were not adjudicated. *Seattle–First Nat'l Bank v. Kawachi*, 19 Wn. App. 460, 576 P.2d 68 (1978).

Both parties are agreed upon the basic elements of the doctrines of res judicata and collateral estoppel. They differ in their theories with respect to the application of those doctrines to the facts of this case.

The gist of the doctrine of res judicata was briefly restated in the recent case of *Bordeaux v. Ingersoll Rand Co.*, 71 Wn.2d 392, 396, 429 P.2d 207 (1967):

> To make a judgment *res judicata* in a subsequent action there must be a concurrence of identity in four respects: (1) of subject–matter; (2) of cause of action; (3) of persons and parties; and (4) in the quality of the persons for or against whom the claim is made. [*Northern Pac. Ry. v. Snohomish County*, 101 Wash. 686, 688, 172 P. 878 (1918).]

The doctrine of collateral estoppel differs from res judicata in that, instead of preventing a second assertion of the

same claim or cause of action, it prevents a second litigation of issues between the parties, even though a different claim or cause of action is asserted. *King v. Seattle,* 84 Wn.2d 239, 525 P.2d 228 (1974).

Since neither the pleadings nor the instructions in cause No. 729191 presented for the jury's consideration the claims upon which the appellant seeks to recover here, they were not adjudicated in that cause. The respondents maintain, however, that the claims should be barred because they could have been decided in that suit.

While it is often said that a judgment is res judicata of every matter which could and should have been litigated in the action, this statement must not be understood to mean that a plaintiff must join every cause of action which is joinable when he brings a suit against a given defendant. CR 18(a) permits joinder of claims. It does not require such joinder. And the rule is universal that a judgment upon one cause of action does not bar suit upon another cause which is independent of the cause which was adjudicated. 50 C.J.S. *Judgments* § 668 (1947); 46 Am. Jur. 2d *Judgments* § 404 (1969). A judgment is res judicata as to every question which was properly a part of the matter in controversy, but it does not bar litigation of claims which were not in fact adjudicated.

The respondents cite *Sanwick v. Puget Sound Title Ins. Co.,* 70 Wn.2d 438, 423 P.2d 624, 38 A.L.R.3d 315 (1967), where we held that a party to a contract, who had successfully brought an action for specific performance of a contract, could not bring a subsequent action for damages for delays in performance occurring prior to the institution of the former action. The matter in controversy in the second action, we said, was included in the matter in controversy in the former action, and the plaintiff would not be permitted to split his cause of action.

Also cited is *Golden v. McGill,* 3 Wn.2d 708, 102 P.2d 219 (1940). There, a beneficiary under a will, who had received notice of and participated, by counsel, in the pro-

bate proceedings and who had acquiesced in the decree of distribution, subsequently brought an action in which she sought to contest the will. We held that such an action was barred by the decree in the probate proceeding, to which the plaintiff was a party.

Also cited is *Meder v. CCME Corp.,* 7 Wn. App. 801, 502 P.2d 1252 (1972). In that case the plaintiff presented various claims with respect to a real estate contract which, in a previous action, she had unsuccessfully sought to rescind. The appellate court set forth the principles which apply in cases in which the doctrine of res judicata is raised as a defense, and noted that, while it is the purpose of the doctrine to prevent relitigation of claims which have already been decided, it is not its purpose to preclude independent causes of action which have not in fact been adjudicated. With these principles in mind, the court examined each claim advanced in the action and determined that some of them could and should have been resolved in the action for rescission, but that others were not necessarily involved in the prior action and could be pursued. The court allowed a claim for an accounting, for delinquencies in payments and in payment of taxes, and for waste. Although all of these claims related to the same contract, they were not necessarily involved in an action for its rescission. Those claims which were held barred sought the same relief—that of rescission—which had been denied in the prior action, or another form of equitable relief—reformation—which could properly have been granted upon the same kind of factual showing.

In each of these cases, those claims which were found to be barred were matters which were included in the controversy adjudicated in the prior action or proceeding. None of them held that independent claims, arising out of separate transactions, are barred because they could have been asserted in an earlier action.

We conclude that the claims asserted here, arising as they do out of transactions entirely separate and apart from

the claim adjudicated in cause No. 729191, were not necessarily involved in that adjudication and are not barred under the doctrine of res judicata.

Does the doctrine of collateral estoppel foreclose the assertion of these claims? That doctrine, as we have said, precludes the retrial of issues decided in a prior action. Is that doctrine invoked by the fact that these claims were in controversy in that action, even though they were not in issue and were not adjudicated?

The answer is that it is not. Not only were the claims not adjudicated, but they and the evidence concerning them formed no essential part of the claim at issue in that action, but were introduced as facts from which the existence of one of the elements of the cause of action could be inferred. They constituted what is commonly termed "evidentiary facts."

The applicable principles are found in the Restatement of Judgments § 68 (1942):

> (1) Where a question of fact essential to the judgment is actually litigated and determined by a valid and final judgment, the determination is conclusive between the parties in a subsequent action on a different cause of action, except as stated in §§ 69, 71 and 72.
>
> (2) A judgment on one cause of action is not conclusive in a subsequent action on a different cause of action as to questions of fact not actually litigated and determined in the first action.

Restatement of Judgments § 68, comment *p* (1948 Supp.) states:

> *p. Evidentiary facts.* The rules stated in this Section are applicable to the determination of facts in issue, i. e., those facts upon whose combined occurrence the law raises the duty or the right in question, but not to the determination of merely evidentiary or mediate facts, even though the determination of the facts in issue is dependent upon the determination of the evidentiary or mediate facts.

This rule is also found in 46 Am. Jur. 2d *Judgments* § 425 (1969) and 50 C.J.S. *Judgments* §§ 724–25 (1947); and 2 A. Freeman, *Law of Judgments* §§ 689, 690, 697 (5th ed. 1925).

The cases are extensively annotated in 142 A.L.R. 1243 (1943), *Ultimate fact, as distinguished from evidentiary fact, as regards effect of judgment as estoppel.* It is said in that annotation that the courts agree that the doctrine of collateral estoppel by judgment is confined to ultimate facts (facts directly at issue upon which the claim rests), and does not extend to evidentiary facts (facts which may be in controversy but rest in evidence and are merely collateral).

The facts with respect to the 1961 and 1962 transactions formed no part of the claim with respect to the 1967 transactions. In themselves they bore no relationship to that transaction, and they were introduced solely for the purpose of proving an element of the claim at issue. The evidence was introduced to support an inference that the 1967 transaction was likely to have occurred as alleged. Other than that, it had no value in the proceeding.

The question whether the $25,000 advanced in 1961 and 1962 had been repaid was not one which was necessarily decided in cause No. 729191, since it was not essential to the verdict. The fact that it was not adjudicated, in itself, renders the doctrine of equitable estoppel inapplicable. *King v. Seattle,* 84 Wn.2d 239, 525 P.2d 228 (1974); 46 Am. Jur. 2d *Judgments* § 415 (1969); Restatement of Judgments § 68 (1942). But assuming some finding upon this matter could be found to have inhered in the verdict, that finding, being upon a question which was evidentiary rather than ultimate, is not binding on the appellant in this action.

The decision rendered by a majority of the Court of Appeals reversing the judgment of dismissal was correct.

Accordingly, the cause is remanded to the Superior Court for further proceedings.

WRIGHT, C.J., and HAMILTON, STAFFORD, UTTER, BRACHTENBACH, HOROWITZ, DOLLIVER, and HICKS, JJ., concur.