**Gaius KAZEN, Donna Kazen and Popular Assembly of Sovereign Kazens, Plaintiffs–Appellants,**

v.

**PREMIER MORTGAGE SERVICES OF WASHINGTON, INC., DCBL, Inc. and Bishop, Lynch & White, P.S., Defendants–Appellees.**

No. 02–35613.

D.C. No. CV–01–01595–TSZ.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 11, 2003.

Decided Oct. 16, 2003.

Richard L. Pope, Jr., Law Office of Richard L. Pope, Jr., Woodinville, WA, for Plaintiff–Appellant.

Thomas R. Dreiling, Law Office of Thomas Dreiling, Stephen J. Sirianni, Sirianni, Youtz, Meier & Spoonemore, Michael B. King, D. Michael Reilly, June Campbell, Timothy J Graham, June A. Jackson, Lane, Powell, Spears, Lubersky, L.L.P., Seattle, WA, for Defendants–Appellees.

Before HAWKINS and BERZON, Circuit Judges, and QUACKENBUSH, Senior District Judge.*

* The Honorable Justin L. Quackenbush, Senior District Judge for the Eastern District of

## MEMORANDUM**

This case arises out of a dispute over the validity of a trustee's nonjudicial sale of real estate in Snohomish County, Washington. Plaintiffs Gaius and Donna Kazen quit claimed the real estate to a corporation sole they had created, "Popular Assembly of Sovereign Kazens" (PASK). The Kazens then personally borrowed on the property, signing a deed of trust and promissory note, and claiming they owned the property and had the right to convey it. After the Kazens defaulted on their loan, and the lender proceeded with a nonjudicial sale of the property, the Kazens argued that the deed of trust was invalid because PASK, rather than the Kazens, owned the property.

After losing a quiet title action in State court against Option One and Bankers Trust Co., which is now on appeal, they filed this lawsuit against Premier Mortgage Services of Washington, Inc. (Premier Mortgage), DCBL, Inc., and Bishop, Lynch & White, P.S. alleging claims for violation of the Fair Debt Collection Practices Act, 15 U.S.C. 1692 (FDCPA), and the Washington Consumer Protection Act. Plaintiffs also alleged conversion and breach of fiduciary duties by DCBL, Inc. and Bishop, Lynch & White. The district court granted Premier Mortgage's Motion to Dismiss and DCBL and Bishop, Lynch & White's Motion for Summary Judgment, and denied Plaintiffs' Motion for Reconsideration.

■ We have jurisdiction pursuant to 28 U.S.C. § 1291 and review de novo both dismissal for failure to state a claim and summary judgment. *See Barnett v. Centoni*, 31 F.3d 813, 815, 816 (9th Cir.1994) (per curiam). As there is no allegation

that Premier took any action to collect the debt after it mailed its initial "Notice of Default," the Kazens do not state a claim against Premier under 15 U.S.C. § 1692g(b). Additionally, we find that DCBL and Bishop, Lynch & White were not "debt collectors" as defined by the FDCPA.

■ Because the Kazens' FDCPA claims fail on the merits, so too must their Consumer Protection Act claims, their conversion claims and their first fiduciary duty claim based upon the trustee's sale of the real property, as these state law claims depend on the existence of a FDCPA violation. However, the second fiduciary duty claim based upon the alleged conflict of interest of DCBL and Bishop Lynch in acting as attorneys for Bankers Trust and as the foreclosure trustee survives and is not time barred. This surviving state law claim is not barred by res judicata or collateral estoppel.

"Res judicata occurs when a prior judgment has a concurrence of identity in four respects with a subsequent action. There must be identity of (1) subject matter; (2) cause of action; (3) persons and parties; and (4) the quality of the persons for or against whom the claim is made." *Rains v. State*, 100 Wash.2d 660, 665, 674 P.2d 165 (1983) (citation omitted). Collateral estoppel "prevents a second litigation of issues between the parties, even though a different claim or cause of action is asserted." *Seattle–First Nat'l Bank v. Kawachi*, 91 Wash.2d 223, 225–26, 588 P.2d 725 (1978). Collateral estoppel applies if (1) the issue decided in the prior adjudication is identical with the one presented in the current action; (2) there was a final judgment on the merits; (3) the party against

---

Washington sitting by designation.
** This disposition is not appropriate for publication and may not be cited to or by the

courts of this circuit except as may be provided by Ninth Circuit Rule 36–3

whom the plea is asserted was a party or in privity with a party to the prior adjudication; and (4) the application of the doctrine will not work an injustice on the party against whom the doctrine is to be applied. *Rains, supra,* 100 Wash.2d at 664, 674 P.2d 165.

Because DCBL and Bishop, Lynch, and White were not parties to the State case and the conflict of interest fiduciary duty claim was not a litigated issue there, the surviving state law claim is not barred by either collateral estoppel or res judicata.

Therefore, the surviving state law conflict of interest fiduciary duty claim is remanded to the district court to determine whether to exercise supplemental jurisdiction.

AFFIRMED IN PART AND REMANDED IN PART. Each party shall bear its own costs on appeal.