**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| CONTEMPORARY SERVICES CORPORATION, | No. 09-56473, 09-56662 |
| Plaintiff-Appellant, | D.C. No. 8:09-CV-00681-AG-AN |
| v. | MEMORANDUM[*] |
| LANDMARK EVENT STAFFING SERVICES, INC., PETER KRANSKE and MICHAEL HARRISON, | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Andrew J. Guilford, District Judge, Presiding

Argued and Submitted May 5, 2011
Pasadena, California

Before: HAWKINS and REINHARDT, Circuit Judges, and COGAN,
District Judge.[**]

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Brian M. Cogan, U. S. District Judge for the Eastern District of New York, Brooklyn, sitting by designation.

Plaintiff Contemporary Services Corporation ("CSC") appeals from the dismissal of its complaint on preclusion grounds. We reverse the District Court's decision and remand the case for further proceedings.

The District Court held that CSC's claims for trade-secret misappropriation, unfair competition and computer fraud, among others, were barred by the entry of a consent judgment in a prior trade-secret lawsuit filed in Washington Superior Court against former CSC and current Landmark employee Grant Haskell. We find, however, that the alleged actions of Landmark and the other defendants in authorizing Haskell's conduct and subsequently utilizing CSC's proprietary information are separate from and additional to those of Haskell in initially misappropriating the information. CSC could have, but need not have, brought all claims in the Washington action. *See Seattle-First Nat'l Bank v. Kawachi*, 91 Wash. 2d 223, 226-27 (1978).

Furthermore, CSC should be allowed the opportunity to amend its complaint to allege sufficient factual matter to comply with the pleading standard enunciated in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009). *See Moss v. U.S. Secret Serv.,* 572 F.3d 962, 969 (9th Cir. 2009).

Finally, the District Court acted within its discretion in denying attorney fees to defendants pursuant to California Civil Code Section 3426.4.  *See CRST Van Expedited, Inc. v. Werner Enters., Inc.*, 479 F.3d 1099, 1111 (9th Cir. 2007).

REVERSED and REMANDED.