IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| KULEANA, LLC, a Washington limited liability company; and HAROLD E. JOHNSON, a single person, | ) ) ) | No. 68962-2-I |
| | ) | DIVISION ONE |
| Appellants, | ) ) | |
| | ) | |
| v. | ) ) | |
| | ) | |
| DIVERSIFIED WOOD RECYCLING, INC., a Washington business corporation,* | ) ) ) | UNPUBLISHED OPINION |
| | ) | FILED: July 22, 2013 |
| Respondent. | ) | |
| | ) | |

BECKER, J. — This appeal is a sequel to this court's earlier decisions

involving a judgment entered in Spokane County Superior Court on a lien

foreclosure action. Diversified Wood Recycling, Inc. v. Johnson, 161 Wn. App.

859, 251 P.3d 293, review denied, 172 Wn.2d 1025 (2011); Diversified Wood

Recycling, Inc. v. Johnson, 161 Wn. App. 891, 251 P.3d 908, review denied, 172

Wn.2d 1025 (2011). Appellants seek to avoid the judgments affirmed in those

two appeals. We affirm the trial court's decision to dismiss their complaint on

grounds of res judicata and collateral estoppel.

The lien in question was claimed by Diversified Wood Recycling Inc.

Diversified performed brush clearing work. Diversified performed that work at the

---

* On June 17, 2013, a notation order was entered granting First American Title Insurance Company's motion to substitute First American in place of Diversified Wood Recycling Inc.

request of a Harold Johnson. Diversified's invoices sent to a Harold Johnson were never paid. Diversified recorded a claim of lien on the property where the work was performed, which according to title records was owned by Harold Johnson. Diversified then filed and served a foreclosure action naming Harold Johnson as defendant. Harold Johnson, Jr., answered the complaint.

After a two-day trial, the court entered a judgment of foreclosure against Harold Johnson, Jr. After judgment was entered, Harold Johnson, Sr. and his solely-owned company, Kuleana LLC, brought a motion to intervene in the foreclosure action for the purpose of moving to vacate it. Johnson Senior alleged that he or his company were record owners of the property identified in the claim of lien. He argued that the action was void because neither he nor his company had been joined or served in the foreclosure action. The trial court denied the motion to intervene.

Two separate appeals followed in which this court affirmed the judgment of foreclosure and the order denying the motion to intervene. That both Harold Johnsons lost their respective appeals was due in large part to the confusion they themselves generated by merging their identities for certain business purposes. "Because the two Harold Johnsons effectively held themselves out as the same person without making it possible for Diversified to distinguish between them at the time of recording the lien and filing suit, the trial court legitimately treated them as the same person for purposes of deciding whether Diversified complied with statutory requirements." Diversified, 161 Wn. App. at 882. Other facts relevant to those two appeals are well known to the parties and are

discussed at length in the two previous appeals. We will not repeat them here except as necessary to resolve the present appeal.

Johnson Senior and Kuleana brought the present action against Diversified in Spokane County Superior Court in January 2012 as a complaint for declaratory judgment and to quiet title. They presented the same deeds that were submitted as exhibits in the foreclosure action. They alleged that the deeds prove they have ownership interests in the property described in Diversified's lien. They asked the court to declare that they are the sole owners of the property described in their deeds, that their interests in that property are not affected by the foreclosure because they were not joined as parties, and that Diversified has no claim against the cash supersedeas they deposited in the lien foreclosure action. The trial court dismissed their complaint upon Diversified's motion for summary judgment. This appeal followed.

Summary judgment is reviewed de novo. Summary judgment is proper only if, from all the evidence, reasonable persons could reach but one conclusion. Wilson v. Steinbach, 98 Wn.2d 434, 437, 656 P.2d 1030 (1982).

Collateral estoppel, also known as issue preclusion, bars relitigation of issues of ultimate fact that have been determined by a final judgment in actions involving the same parties. State v. Williams, 132 Wn.2d 248, 253-54, 937 P.2d 1052 (1997).

The elements necessary for collateral estoppel are present here. A final judgment on the merits, in an action involving the same parties, prevented appellants from intervening in the foreclosure action. Appellants now seek to

establish their ownership of property described in their deeds as part of a quiet title action against Diversified. The ownership of the property covered by the lien was at issue in the foreclosure action. See Diversified, 161 Wn. App. at 883-85. And it was also an issue litigated in connection with appellants' motion to intervene. Their lack of coherent proof of the property interests in question was one of the reasons we affirmed the trial court's denial of the motion. We examined the inconsistent and poorly documented positions taken by appellants and said, "It is not clear exactly how much property they each claim to own or where such property is located in relationship to the property that was described in the claim of lien and that was foreclosed on by the judgment." Diversified, 161 Wn. App. at 899. Appellants do not explain why they should be permitted to relitigate, against Diversified, the issue of whether property they own is included in Diversified's lien.

It appears appellants are also attempting to relitigate whether Diversified properly maintained its claim of lien, so as to be entitled to be paid from the proceeds of the foreclosure sale. The judgment of foreclosure decrees that Diversified has a lien on certain described property. It orders the sheriff to sell the property at auction and, after applying the proceeds to the costs of sale, to distribute the proceeds to Diversified for all amounts due under the judgment, including interest, attorney fees, and costs. Appellants do not expressly say that by proving their ownership interests in the present action, they intend to prevent the property they claim to own from being sold at auction to satisfy Diversified's lien. But they do not explain, and it is hard to imagine, what other practical

objective they could hope to accomplish by means of their present action against Diversified.

Collateral estoppel must not be applied to work an injustice. "The question is always whether the party to be estopped had a full and fair opportunity to litigate the issue." State Farm Mut. Auto. Ins. Co. v. Avery, 114 Wn. App. 299, 304, 57 P.3d 300 (2002). Johnson Senior had ample notice of the pending foreclosure action, and he knew it was aimed at property in which he and his company claimed an interest. Diversified, 161 Wn. App. at 899-900. He and his company had a full and fair opportunity in the earlier action to show some impediment to selling the property at auction to satisfy Diversified's lien.

"If an owner who has been served but not joined does nothing, the property will be sold at auction to satisfy the lien." Diversified, 161 Wn. App. at 904. We conclude Johnson Senior and Kuleana are barred from relitigating whether Diversified is entitled to be paid from the proceeds of a foreclosure sale of the property identified in the lien.

The present action is also barred by res judicata. Res judicata is claim preclusion. It bars relitigation of a claim already determined by a final judgment involving the same parties. Williams v. Leone & Keeble, Inc., 171 Wn.2d 726, 730, 254 P.3d 818 (2011). To make a judgment *res judicata* in a subsequent action there must be a concurrence of identity in four respects: (1) of subject-matter; (2) of cause of action; (3) of persons and parties; and (4) in the quality of the persons for or against whom the claim is made. Seattle-First Nat'l Bank v. Kawachi, 91 Wn.2d 223, 225, 588 P.2d 725 (1978).

Kuleana and Johnson Senior assert that their present action does not have identity of subject matter or cause of action with the lien foreclosure action. They say that the present action involves the priority of the respective interests of Diversified, Kuleana and Harold Johnson Sr., whereas the underlying action involved the validity and foreclosure of the lien against the property.

Res judicata does not bar claims which arise out of a transaction separate and apart from the issue previously litigated. Kawachi, 91 Wn.2d at 227-28. But appellants fail to demonstrate that their present action is separate and apart from the underlying foreclosure action. In the present action, they want a declaration that they have property interests which remain unaffected by the foreclosure. This is the same subject matter they were litigating when they sought to intervene in the foreclosure action.

In the lien foreclosure action, Johnson Junior alleged that Johnson Senior and Kuleana were owners of the property. Johnson Junior argued that Diversified's failure to join Johnson Senior and Kuleana as parties to the foreclosure action meant that the action was void for lack of subject matter jurisdiction. Johnson Senior supported that argument by asserting in a declaration and by testimony at trial that he and Kuleana had interests in the property. When this argument was unsuccessful at trial, Johnson Senior and Kuleana moved to intervene postjudgment. While we upheld the foreclosure judgment and the denial of intervention, we did not decide whether or not Johnson Senior and Kuleana were owners of any of the property included in the lien. That decision was not necessary to resolve the issue before us at the time,

6

namely whether the trial court was barred from proceeding with the foreclosure action absent joinder of the owner. We explained:

> The consequence of nonjoinder of the owner or any other person who has a prior recorded interest in the property is not lack of jurisdiction. Nonjoinder of the owner does not mean the lien expires or that the court lacks statutory authority to proceed. The consequence is that the interest of a person not joined may not be foreclosed or otherwise affected.

Diversified, 161 Wn. App. at 903.

Appellants contend that in their present action, they are merely trying to enforce the statement quoted above. In reality, their present action is an attempt to litigate matters that were or could have been litigated when they moved to intervene in the foreclosure action.

First, in this action just as in the attempted intervention in the foreclosure action, the subject matter is the ownership interests purportedly held by Kuleana and Johnson Senior. Second, the cause of action is the same because it arises out of the same transactional nucleus of facts involved in the foreclosure action, presents substantially the same evidence, and is designed to impair Diversified's established right to be paid in satisfaction of the lien. See Hadley v. Cowan, 60 Wn. App. 433, 441-42, 804 P.2d 1271 (1991). Third, the same parties are involved: Diversified on one side, Kuleana and Johnson Senior on the other. Fourth, Kuleana and Johnson Senior have the same quality as they did in the previous action, i.e., they are bound by the denial of their motion to intervene. See Martin v. Wilbert, 162 Wn. App. 90, 97, 253 P.3d 108, review denied, 173 Wn.2d 1002 (2011).

7

Where both lawsuits arise out of the same transactional nucleus of facts and the other prerequisites for res judicata are present, res judicata bars "every point which properly belonged to the subject of litigation, and which the parties, exercising reasonable diligence, might have brought forward at the time." Sayward v. Thayer, 9 Wash. 22, 24, 36 P. 966 (1894). To the extent appellants argue their claim of priority ownership is different from the claim of ownership they advanced in their motion to intervene, they are barred by res judicata because that claim properly belonged to the prior litigation and should have been included in it.

In summary, the trial court properly perceived the present action as an attempt to relitigate matters already resolved by final judgment.

Diversified requests attorney fees on appeal under RCW 60.04.181. Because the present action is not a lien foreclosure action, we deny this request.

Affirmed.

Becker, J.

WE CONCUR: