NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAN 19 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARK A. VELASCO; DANIKA VELASCO, husband and wife, Plaintiffs-Appellants, v. MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; et al., Defendants-Appellees. | No. 16-35426 D.C. No. 3:16-cv-05022-RBL MEMORANDUM* |

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Submitted January 16, 2018**

Before:    REINHARDT, TROTT, and HURWITZ, Circuit Judges.

Mark A. Velasco and Danika Velasco appeal from the district court's

judgment dismissing their action alleging a Truth in Lending Act ("TILA") claim

for rescission. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a

---

\*    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

dismissal under Federal Rule of Civil Procedure 12(b)(6). *Intri-Plex Techs., Inc. v. Crest Grp., Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007). We affirm.

The district court properly dismissed the Velascos' action as barred by the doctrine of res judicata because the Velascos alleged claims arising out of the same loan transaction against the same defendants in a prior state court action. *See Holcombe v. Hosmer*, 477 F.3d 1094, 1097 (9th Cir. 2007) (federal courts must apply state law regarding res judicata to state court judgments); *Seattle-First Nat'l Bank v. Kawachi*, 588 P.2d 725, 727 (Wash. 1978) (en banc) (elements of res judicata under Washington state law); *Kelly-Hansen v. Kelly-Hansen*, 941 P.2d 1108, 1112 (Wash. 1997) (doctrine of res judicata bars litigation of claims that could have been raised in the prior action). We reject as meritless the Velascos' argument that they could not have raised a TILA claim in their prior state court action.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright,* 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

16-35426