NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HEIDI ANGLIN; ERNEST ANGLIN, husband and wife separately and the marital community composed thereof, <br><br>           Plaintiffs-Appellants, <br><br>   v. <br><br> MERCHANTS CREDIT CORPORATION, a Washington state corporation; JASON WOEHLER, on belief, a single man, <br><br>           Defendants-Appellees. | No.   18-35906 <br><br> D.C. No. 2:18-cv-00507-JCC <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Western District of Washington
John C. Coughenour, District Judge, Presiding

Submitted November 6, 2019**
Seattle, Washington

Before: GOULD and NGUYEN, Circuit Judges, and PRESNELL,*** District Judge.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Gregory A. Presnell, United States District Judge for the Middle District of Florida, sitting by designation.

The Anglins appeal the judgment of the district court dismissing some of their claims on the basis of res judicata and one of their claims on the merits. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm in part and reverse in part.

The district court erred in dismissing the Fair Debt Collection Practices Act ("FDCPA"), Consumer Protection Act ("CPA"), and negligence claims on the basis of res judicata. Under Washington law, the doctrine of res judicata applies where a prior judgment "concurs in identity" with a subsequent action with respect to: "(1) subject matter; (2) cause of action; (3) persons and parties; and (4) the quality of the persons for or against whom the claim is made." *Feminist Women's Health Ctr. v. Codispoti*, 63 F.3d 863, 867 (9th Cir. 1995) (quoting *Rains v. State*, 674 P.2d 165, 168 (Wash. 1983) (en banc)). Res judicata applies to matters actually litigated as well as those that could and should have been litigated. *See id.*

The FDCPA claim and the derivative claims ("the federal court claims") brought by the Anglins in federal court had a different factual basis than the state court claims. The events underlying the federal court claims occurred during the state court litigation. The federal court claims could have merit even though the state court claims did not. *See* 15 U.S.C. § 1692f(1).

The district court noted that the Anglins could have amended their claim in state court in order to include the claim that arose during the state court litigation.

2

However, "a judgment upon one cause of action does not bar suit upon another cause which is independent of the cause which was adjudicated." *Seattle-First Nat'l Bank v. Kawachi*, 588 P.2d 725, 728 (Wash. 1978). In this case, the federal court claims arose out of an entirely separate transaction that, while related in subject matter, was otherwise independent of the claims adjudicated in state court. *See id.* at 728. The Anglins had no obligation to seek an amendment to their complaint alleging these new claims, and those claims are not barred on the basis of res judicata.

The district court did not err in dismissing the Equal Credit Opportunity Act ("ECOA") claim. The district court dismissed the ECOA claim on the merits. We affirm its decision. While the district court rightly decided that the ECOA claim was meritless, it erred in finding that the ECOA claim was not barred on the basis of res judicata.

Had the Anglins not voluntarily dismissed their ECOA claim in state court, they could have (and should have) adjudicated it there. It involved the same facts as their state court FDCPA claim. At issue in the ECOA claim was whether the collection action improperly attempted to hold each spouse liable for the other's debt. That issue was closely related to issues actually decided by the state court. It was not independent of the state law claim. *See Kawachi*, 588 P.2d at 728.

3

As for the merits of the ECOA claim, the Anglins failed to allege that the Defendants were creditors under the ECOA. Even if the Defendants were creditors for purposes of the ECOA, collection activities related to defaulted debt are exempted from the ECOA. 15 U.S.C. § 1691(d)(6). Accordingly, the ECOA claim lacks merit.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED FOR FURTHER PROCEEDINGS CONSISTENT HEREWITH.**