IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| Janice Brinson-Wagner, | ) | |
| | ) | No. 36980-3-III |
| Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | UNPUBLISHED OPINION |
| Kennewick School District, | ) | |
| | ) | |
| Respondent. | ) | |

FEARING, J. — We must decide if an injured worker may assert, in a second appeal

from the Board of Industrial Insurance Appeals (BIIA) to the superior court, the

contention that a knee ailment is related to her work injury when the superior court, in

another appeal from the BIIA, previously ruled that the employer should pay for

treatment of the ailment because recovery from the knee ailment will assist in allowing

recovery from ankle work injury. Based on the doctrine of res judicata, we hold that the

injured worker is precluded from raising the contention since she could have asserted her contention in the first appeal. We therefore affirm the superior court's dismissal of the second appeal.

FACTS

This appeal arises out of a 2008 work injury sustained by appellant Janice Brinson-Wagner while employed by the respondent Kennewick School District. Although the appeal originated as a worker compensation claim before the Department of Labor & Industries (DLI), the school district is self-insured. Although DLI is also a respondent, we refer to the school district as if it is the only respondent in this appeal.

On October 27, 2008, Janice Brinson-Wagner sustained injuries while employed with the Kennewick School District as a para-educator. A student fell from his seat on a bench, and the child and a bar on the bench struck Brinson-Wagner on her left leg. Brinson-Wagner suffered a broken left ankle and a contusion and sprain of the left knee.

Janice Brinson-Wagner filed a claim for worker compensation with DLI. DLI approved the claim, which approval obligated the Kennewick School District to pay for her related medical bills.

The injury to Janice Brinson-Wagner's knee resolved within one month. The more serious ankle injury required multiple surgeries.

In October 2010, two years after the work accident, Janice Brinson-Wagner felt pain in her left knee. She had not complained of the knee since October 2008. The

underlying dispute between the Kennewick School District and Brinson-Wagner centers on whether the October 2008 work injury caused this later developing knee pain and, even if not, whether the self-insured school district should pay for needed knee treatment because resolution of the knee pain will further healing and strengthening of the ankle.

Orthopedic surgeon Faustin Stevens treated Janice Brinson-Wagner's left ankle. Dr. Stevens limits his practice to foot and ankle injuries. He started examining and treating Brinson-Wagner in June 2014. By then, Brinson-Wagner had already undergone three ankle surgeries. In June 2014, she continued to suffer pain in the ankle. An examination showed swelling and tenderness in the left ankle resulting from a collapsed bone and degenerative changes. As a result of the examination of the ankle, Stevens recommended that Brinson-Wagner undergo either an ankle fusion or an ankle replacement.

In June 2014, Janice Brinson-Wagner also reported significant left knee pain. Dr. Faustin Stevens referred Brinson-Wagner to his partner, Mark Merrell, to address the knee pain.

Beginning in September 2014, orthopedic surgeon Mark Merrell treated Janice Brinson-Wagner's knee symptoms. Dr. Merrell specializes in treating hips, knees, and shoulders. According to Merrell, Brinson-Wagner suffered significant arthritis in her left knee. Merrell concluded that, although some arthritis preexisted the 2008 workplace injury, the injury aggravated the arthritis or triggered pain from Brinson-Wagner's

3

arthritis. Merrell also concluded that Brinson-Wagner required a total knee replacement to resolve her knee condition. According to Dr. Merrell, the work injury created the need for knee replacement. Surgery was delayed initially because of a planned December 2014 ankle replacement.

On December 16, 2014, Dr. Faustin Stevens performed an ankle replacement surgery on Janice Brinson-Wagner's left ankle. Thereafter Brinson-Wagner's ankle recovery plateaued due to pain elsewhere in her left leg, including her knee. The pain in the knee precluded Brinson-Wagner from bicycling and performing exercises instrumental in helping her ankle strengthen and in ridding her ankle of pain. Dr. Stevens concluded that the knee pain precluded recovery of the ankle. By September 2015, Stevens recommended that Brinson-Wagner undergo knee treatment so that Brinson-Wagner could bicycle and perform ankle exercises.

During the course of proceedings before DLI, the Kennewick School District employed three orthopedic surgeons to conduct medical evaluations of Janice Brinson-Wagner. Dr. Lance Brigham performed an examination on April 16, 2012, and he reviewed 349 pages of medical records. According to Brigham, October 2008 x-rays showed arthritic changes present in Brinson-Wagner's left knee. Dr. Brigham opined that Janice Brinson-Wagner had preexisting arthritis in her knee that the work injury did not aggravate. Nor did the work injury cause the arthritis to become symptomatic. Dr.

4

Brigham added that Brinson-Wagner's need for a total left knee replacement was not proximately caused by the 2008 employment accident.

Dr. Bryan Marchant examined Janice Brinson-Wagner in November 2013. He opined that the knee arthritis was not related to the incident and that the incident did not cause the need for knee surgery.

Dr. Eugene Toomey examined and evaluated Janice Brinson-Wagner in April 2015. Toomey concluded that the work injury lacked any correlation to the need for total knee replacement or a knee arthroscopy.

Janice Brinson-Wagner requested DLI to order the Kennewick School District to pay for a total left knee replacement and a left knee arthroscopy. In November 2015, DLI denied the request. Brinson-Wagner appealed the declination to BIIA.

On behalf of the BIIA, an industrial hearings judge conducted an evidentiary hearing, at the beginning of which the judge observed the only question on appeal was whether DLI must pay for the total knee replacement and left knee arthroscopy. On February 9, 2017, the judge entered a proposed decision and order reversing DLI's decision. The industrial hearings judge concluded that the work injury did not cause the knee arthritis or knee pain. Nevertheless, the knee needed repair so that Janice Brinson-Wagner could recover from her ankle injury, an injury related to the 2008 work accident. Therefore, under WAC 296-20-055, the Kennewick School District held an obligation to

5

pay for the knee surgery. The regulation allows payment of treatment of a preexisting unrelated condition directly retarding recovery of the accepted condition.

The Kennewick School District sought review from the full BIIA. The BIIA upheld the astute industrial insurance judge's order and decision that granted payment for the knee surgery.

PROCEDURE

Kennewick School District and Janice Brinson-Wagner each appealed, in separate cases, BIIA's decision to the superior court. The school district appealed BIIA's decision to authorize payment of the knee replacement because the surgery would facilitate recovery of the work related ankle injury. We reference the school district's appeal as the first suit or appeal, although Brinson-Wagner may have filed her appeal first in time. Brinson-Wagner appealed BIIA's decision denying that the 2008 work injury triggered or aggravated her knee arthritis. We call Brinson-Wagner's appeal the second suit or appeal. The two cases were not consolidated before the superior court.

Under statute, the superior court hears an appeal from the BIIA de novo. RCW 51.52.115. Nevertheless, the superior court does not take new evidence and instead reviews the evidence as presented before the BIIA. RCW 51.52.115. The superior court reviewed the Kennewick School District's appeal first. The superior court ruled against the school district and concluded that BIIA correctly instructed the employer to pay for the knee replacement. In a letter ruling, the superior court wrote:

6

> [T]he knee was retarding progression of the covered ankle condition. Therefore, it seems appropriate, that an injured worker would have the ability to pursue a denial of a request for coverage where the covered condition is being retarded by an unrelated condition/injury.

Clerk's Papers (CP) at 335.

The superior court entered findings of fact, conclusions of law, and a judgment.

The findings of fact read, in part:

> 3. WAC 296-20-055 address both the Department and Self-Insured Employers, therefore, Ms. Brinson-Wagner had the ability to pursue a denial of a request for coverage of a condition that was retarding recovery.
> . . . .
> 5. Ms. Brinson-Wagner's knee arthritis existed before the injury, even though it was asymptomatic.

CP at 337. Two conclusions of law declare:

> 2. Ms. Brinson-Wagner is in need of further proper and necessary treatment within the meaning of RCW 51.36.010.
> 3. The BIIA was correct when it instructed the Self-Insured Employer to cover the total knee replacement as an aid to recovery. The claimant is allowed to pursue its appeal under Cause No. 17-2-01893-4 [Brinson-Wagner's appeal from BIIA].

CP at 337.

The Kennewick School District thereafter filed a motion for summary judgment in the second appeal, the appeal brought by Janice Brinson-Wagner. The school district argued that the ruling in the first appeal precluded Brinson-Wagner from arguing in the second appeal that the work injury aggravated or lit up the knee arthritis. The superior court granted the school district's motion and dismissed Brinson-Wagner's appeal.

7

LAW AND ANALYSIS

On appeal to this court, Janice Brinson-Wagner contends that she should be permitted to litigate whether her preexisting left knee arthritis became symptomatic or aggravated by her industrial incident. She argues that the trial court's order denying the Kennewick School District's appeal, in the first appeal to superior court, does not state that her knee condition is unrelated to her workplace accident. The school district responds that the superior court, in the first appeal, upheld the BIIA's order permitting the knee replacement as an "aid to recovery" pursuant to WAC 296-20-055. This regulation governs authorization of treatment only for unrelated conditions. The school district, therefore, contends that the superior court must have determined that the knee condition is unrelated to the work injury. In turn, according to the school district, Brinson-Wagner is now barred by principles of res judicata from arguing that her left knee replacement surgery should be permitted as an accepted condition.

When a workplace injury occurs, DLI or the self-insured employer must provide proper and necessary treatment for conditions proximately caused by the injury. RCW 51.36.010; WAC 296-20-01002; *Zipp v. Seattle School District. No. 1*, 36 Wn. App. 598, 605-06, 676 P.2d 538 (1984). "Proper and necessary treatment" is treatment related to the "accepted condition." WAC 296-20-01002. Janice Brinson-Wagner's accepted condition is the ankle injury and continuing difficulty with the ankle. When a worker has received all required proper and necessary treatment, the injury is "fixed and stable" and

the worker's claim is ready for closure. RCW 51.32.055, .060, .080; WAC 296-20-01002; *Franks v. Department of Labor & Industries*, 35 Wn.2d 763, 766-67, 215 P.2d 416 (1950). Nevertheless, WAC 296-20-055 permits DLI to allow temporary treatment of unrelated injuries that retard recovery of the accepted condition. Conversely, the self-insurer or DLI will not pay for treatment of an unrelated condition when it no longer exerts any influence on the accepted work injury. WAC 296-20-055.

Under Washington law, res judicata, or claim preclusion, prohibits the relitigation of claims and issues that were litigated or could have been litigated in a prior action. *Loveridge v. Fred Meyer, Inc.*, 125 Wn.2d 759, 763, 887 P.2d 898 (1995); *Eugster v. Washington State Bar Association*, 198 Wn. App. 758, 786, 397 P.3d 131 (2017). The doctrine curtails multiplicity of actions and harassment in the courts. *Bordeaux v. Ingersoll Rand Co.*, 71 Wn.2d 392, 395, 429 P.2d 207 (1967).

The broad general rule of res judicata suggests that a party is always prohibited from litigating a claim or issue that could have been raised in any earlier suit. Nevertheless, limits constrain the doctrine. Under Washington law, for the doctrine of res judicata to apply, a prior judgment must have a concurrence of identity with a subsequent action in (1) subject matter, (2) cause of action, (3) persons and parties, and (4) the quality of the persons for or against whom the claim is made. *Rains v. State*, 100 Wn.2d 660, 663, 674 P.2d 165 (1983); *Berschauer Phillips Construction Co. v. Mutual of Enumclaw Insurance Co.*, 175 Wn. App. 222, 227-28, 308 P.3d 681 (2013). In worker's

9

compensation cases, res judicata applies to unappealed decisions of the DLI, BIIA, or trial court. *Marley v. Department of Labor & Industries*, 125 Wn.2d 533, 537-38, 886 P.2d 189 (1994).

Janice Brinson-Wagner recognizes the four standard elements of res judicata. But she does not analyze the elements or identify which elements lack fulfillment. Instead, she characterizes her claim that the work injury caused her current knee ailments as independent of the Kennewick School District's appeal and the first superior court's ruling that her current knee symptoms preclude her recovery from her ankle work injury. Brinson-Wagner's contention fails to recognize that the school district also argued, in its appeal, that her current knee injuries were unrelated to the 2008 work accident. Brinson-Wagner further ignores her ability to combine the two appeals and that, even without consolidation, she could have argued in the first appeal that the work accident caused her current knee symptoms such that the court did not need to decide whether the symptoms prevented her ankle from healing. Since Brinson-Wagner could have asserted her contention in the first appeal, the issue is now precluded.

From *Seattle-First National Bank v. Kawachi*, 91 Wn.2d 223, 588 P.2d 725 (1978), Janice Brinson-Wagner cites the following passage:

> And the rule is universal that a judgment upon one cause of action does not bar suit upon another cause which is independent of the cause which was adjudicated. 50 C.J.S. Judgments s 668 (1947); 46 Am.Jur.2d Judgments s 404 (1969). A judgment is res judicata as to every question

> which was properly a part of the matter in controversy, but it does not bar litigation of claims which were not in fact adjudicated.

91 Wn.2d at 226. We agree with the rule stated in the first sentence of the passage, but question the validity of the principle declared in the second sentence. The second sentence conflicts with the universally and repeatedly applied rule that all claims, issues, or matters which might have been raised and determined in the earlier suit are precluded under res judicata. *Stevedoring Services of America, Inc. v. Eggert*, 129 Wn.2d 17, 40, 914 P.2d 737 (1996); *In re Estate of Gillespie*, 12 Wn. App. 2d 154,170, 456 P.3d 1210 (2020); *Soriano v. Department of Labor & Industries*, 8 Wn. App. 2d 575, 583, 442 P.3d 269 (2019).

To repeat, Janice Brinson-Wagner asserts that her claim is independent of the Kennewick School District's claim. We disagree. The claims are interrelated and mutually exclusive. In the worker compensation context, the court determines if treatment for one ailment constitutes an aid for recovery of another ailment only if the first ailment is unrelated to a work accident. Whether Brinson-Wagner's knee condition is proximately related to the industrial accident arises from the same transactional nucleus of facts as that reviewed in the first appeal. The facts in each appeal stem from the same accident. Res judicata prevents repetitive litigation of claims or causes of action arising out of the same set of facts. *Hyatt v. Department of Labor & Industries*, 132 Wn. App.

11

387, 394, 132 P.3d 148 (2006). Both appeals entail the same right of Brinson-Wagner's ability to receive coverage for the total knee replacement surgery.

Janice Brinson-Wagner emphasizes that the superior court's order in the first appeal reads: "The claimant is allowed to pursue its appeal." CP at 360. She argues this conclusion of law preserves her right to pursue her own appeal and the court's refusal to entertain the merits of her appeal would violate her rights under the Industrial Insurance Act Title 51 RCW. We disagree. The language permitted Brinson-Wagner to proceed with her appeal, but did not preclude the Kennewick School District from defending the appeal by asserting res judicata.

Janice Brinson-Wagner highlights that the findings of fact and conclusions of law in the first appeal contain no express language that the preexisting left knee arthritis was not lit up or aggravated by the industrial injury. This underscoring forgets the nature of res judicata. Under res judicata, the first court need not have actually issued a ruling on an issue for the doctrine to apply. The doctrine applies if the court could have issued a ruling on the issue.

Because of our disposition of this appeal, we deny Janice Brinson-Wagner an award of reasonable attorney fees and costs.

CONCLUSION

We affirm, based on res judicata, the superior court's dismissal of Janice Brinson-Wagner's appeal of BIIA's determination that her 2008 work injury did not create the

12

need for her knee replacement and arthroscopy surgery.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Fearing, J.

WE CONCUR:

_____
Korsmo, A.C.J.

_____
Lawrence-Berrey, J.